# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Robbie L. RIGGS
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24247

### Docket No. 1186

### 7 November 2003

Special Court-Martial convened by Commander, Fourteenth Coast Guard District. Tried at Honolulu, Hawaii, on 9 December 2002.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LT Mark M. Murakami, USCG |
| Defense Counsel: | LT Charles B. Dunn, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL NINE
### BAUM, PALMER, & McCLELLAND
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of unauthorized absence for one day terminated by apprehension in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of wrongful use of marijuana in violation of Article 112a, UCMJ; and six specifications of larceny of a checkbook, a camera valued at $99, money in the amount of $600, $274, and two larcenies of $250, in violation of Article 121, UCMJ.

Appellant was sentenced to a bad conduct discharge, confinement for five months, and reduction to E-1. The Convening Authority approved the sentence, but, in accordance with the pretrial agreement, suspended execution of confinement in excess of ninety days for a period of twelve months from the date sentence was adjudged on 9 December 2002.

Appellant, while not acknowledging that the findings and sentence are correct in law and fact, has assigned no error, submitting the case, instead, on its merits. The Government in its answer has noted that the record fails to reflect service of the amended charge sheet on Appellant, but contends that any issue in this regard was waived in accordance with the terms of *United States v. Williams*, 54 M.J. 757, 759 (C.G.Ct.CrimApp. 2001). We agree with the Government that waiver applies.

**Varying interpretations of Pretrial Agreement Provision Purporting to Defer Confinement**

In addition to the matters discerned by the Government, we note that the record reflects confusion of all the parties concerning the purpose and effect of a provision of the pretrial agreement that is almost identical to the one discussed by this Court in *United States v. Anderson,* 55 M.J. 588, 589-591 (C.G.Ct.Crim.App. 2001). R. 120-127. The provision in this case reads as follows:

> This agreement constitutes a request by the accused for, and approval by the convening authority of, deferment of the portion of any confinement to be suspended pursuant to the terms of this agreement. The period of deferment will run from the date the accused is released from confinement pursuant to this agreement until the date the convening authority acts on the sentence.

App. Ex. VI. After sentencing, the judge went over the terms of the pretrial agreement relating to the sentence. With respect to the deferment provision, she asked counsel what the paragraph was supposed to do. Trial counsel responded as follows: "Ma'am, that means that the clock won't start running on the suspended confinement until after he gets--the convening authority takes action…The clock for the suspended—it'll be suspended for 12 months. That 12-month clock won't start until the convening authority's action, as opposed to today." R. 120. If the Convening Authority had acted on the sentence in accord with this interpretation, the suspension provision of the agreement would have been modified to Appellant's detriment, since that provision stated in no uncertain terms that all confinement in excess of ninety days would be suspended for twelve months from the date the sentence is announced. Furthermore, the trial counsel's explanation misses the whole point of the deferment provision, as made clear in *United States v. Anderson,* 55 M.J. 588 (C.G.Ct.Crim.App. 2001). Deferment of the remaining confinement upon Appellant's release from the brig would interrupt its continuous running, thereby ensuring that there would be confinement to be suspended at the time of the Convening Authority's action on the sentence.

When the judge asked for the defense counsel's understanding of the purpose and effect of the paragraph in question, he provided an interpretation that differed from the trial counsel's. Moreover, although he stated that such a provision is commonly used in Navy/Marine Corps pretrial agreements, he, too, missed the point of the provision. Most importantly, Appellant responded that he was lost when the military judge asked for his understanding.

Counsel and the judge continued conjecturing as to the meaning of the agreement, until trial counsel indicated that maybe the remedy was to strike the provision. That was the course of action taken by the trial counsel in *United States v. Anderson,* which resulted in the continuous running of confinement from the date it was imposed until its expiration before the convening authority acted on the sentence, leaving nothing for him to suspend. Wisely, the military judge refused to strike the provision without the trial counsel's first obtaining the Convening Authority's word on whether he was still going to "comply with" the terms of the agreement. R. 125. At that point the defense counsel observed that the provision defers the two-months-to-be-suspended portion of the confinement, which he saw as "putting off that 2 months if it were to have any legal significance." R. 126. The judge then stated that "It seems to me that this paragraph really only does anything if the convening authority doesn't act within 12 months, because he can vacate the suspension within 12 months anyway." R. 126. Trial counsel agreed, and the judge said, "When I read it that way, it makes sense--more sense to me. It buys the convening authority more time in the event that he doesn't take action within 12 months." R. 126. Defense counsel agreed "…with the interpretation that it has significance in the event that there's no action within 12 months." R. 126. The military judge stated again:

> So it appears to me that what's going to happen to you, Seaman Apprentice Riggs--and you guys can sit back down--is confinement in excess of 90 days is going to be suspended for 12 months from today. Okay? In the event that the convening authority does not receive the record to act within that 12 months, because of this other paragraph down here at the bottom, it defers confinement--the confinement that's to be suspended. So it defers that 2 months from the date you are released from confinement, which would be 90 days from today, assuming you go into confinement, until he acts. There's got to be a better way to word that.

R. 127. Thereafter, the judge asked Appellant if he understood what had been explained: "Do you understand the confinement and restraint part?" R. 127. Appellant indicated that he did and when the judge asked again if he was sure, Appellant said, "Yes, ma'am," as did both trial and defense counsel. R. 127.

### Effect of Trial Discussion of Pretrial Agreement Provision

As we stated in *United States v. Anderson*, "Without a deferral of confinement or a suspension prior to the expiration of adjudged confinement, the entire period runs unimpeded from the date of trial." 55 M.J. at 590. This principle escaped the parties in this court-martial, but it is the key to the puzzle that so confounded them.

The understanding of the parties that we glean from the colloquy is that the deferment provision would become effective only if the Convening Authority did not act within twelve months. Based on that agreed-upon understanding, confinement was not deferred, because the Convening Authority acted on the sentence 169 days after sentence was announced, which was well within twelve months. Since the confinement to be suspended was not deferred, it ran

continuously from the date it was adjudged until it expired five months after trial, leaving nothing for the Convening Authority to suspend on the 169th day.[1]

If, somehow, we have misread this understanding of the parties at trial, we still reach the same result, because we are not convinced that anyone understood the real meaning and effect of the deferment provision, least of all the Appellant. Except in certain very limited circumstances, not present here, only an accused can cause confinement to be deferred. Article 57a, UCMJ. He must make a knowing request for deferment in order for it to be effective. Here, despite Appellant's assurances to the contrary, we believe that there was no way that he could have known what he was requesting, given the varying interpretations advanced by counsel and the judge. When Appellant said at one point that he was lost, there is no question that the discussion of counsel and the judge had confused him. From our perspective, that confusion persisted notwithstanding Appellant's later affirmation of understanding, because the explanation that was provided by counsel and judge reflected a fundamental misunderstanding by them of the agreement's deferment clause.

Absent a knowing request from Appellant for deferment of the confinement to be suspended, we have determined that the provision purporting to request and approve such deferment cannot be given effect. Accordingly, for this reason also, the Convening Authority's attempt to suspend confinement in excess of ninety days was a feckless act, because the confinement is deemed to have run without interruption to its completion before action was taken on the sentence. There was simply no confinement left to suspend at that time. In order to correct this situation, we will follow the approach taken in *United States v. Anderson,* where we presumed that the Appellant was not required to serve confinement beyond the ninety days for which he had bargained, but, to remove any risk of prejudice, we affirmed only the ninety days confinement.

### Advice To Practitioners

In *Anderson*, we cautioned counsel that they have an obligation to fully understand the terms of a pretrial agreement and to be able to correctly explain those terms to the accused and the convening authority before it is signed. Thereafter, they must be able to give an accurate explanation to the judge. It is disconcerting to once again see counsel fumbling over the meaning of a pretrial agreement provision that they presumably negotiated. If they could not explain it at trial, how can we assume that it was explained properly before trial and that the accused and the convening authority understood it when it was submitted and approved? Certainly, nothing that was said at trial has allayed these concerns. The message of *Anderson* is reiterated here and we urge all trial participants and those personnel involved in processing pretrial agreements to take the words of that earlier opinion and this current one to heart, before we see the need to fully explore the issue of adequacy of representation and its ramifications with respect to findings and sentence in a case presenting similar facts. That issue has not been raised by Appellant, and we do not choose to pursue it as an issue specified by the Court at this time.

---

[1] We cannot help noting the bizarre result of this understanding: no one could know, from release of confinement until the end of five months, whether a deferment was in effect; no one could know at the end of the five months whether or not the accused's confinement had run. Nevertheless, at this point the understanding is to the benefit of Appellant and a rejection of it would be to his detriment, so we feel constrained to adopt it.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings of guilty are correct in law and fact and they are affirmed. On the basis of the foregoing discussion, only so much of the sentence approved below as provides for a bad conduct discharge, confinement for ninety days, and reduction to E-1 is affirmed.

Judges PALMER and McCLELLAND concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court