# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## George E. WALTERS
### Food Services Specialist First Class (E-6), U.S. Coast Guard

## CGCMS 0196

## Docket No. 1208

## 27 April 2005

General Court-Martial convened by Commander, First Coast Guard District. Tried at Portland, Maine, on 23 June 2003.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LCDR Sean P. Gill, USCG |
| Assistant Trial Counsel: | LT Michael G. Barton, USCGR |
| Detailed Defense Counsel: | LT Heather D. Partridge, JAGC, USNR |
| Appellate Defense Counsel: | LT Laurina M. Spolidoro, USCG |
| Appellate Government Counsel: | LCDR John S. Luce, Jr. USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to a pretrial agreement, Appellant, who has over twenty years of Coast Guard active duty and is eligible for retirement, entered pleas of guilty to five specifications of knowing receipt of child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ). The military judge accepted Appellant's pleas, entered findings of guilty to those offenses, and sentenced Appellant to confinement for thirty-six months, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the sentence.

Before this Court, Appellant has assigned three errors.

> I. The convening order is ambiguous as to whether the convening authority intended to convene a general court-martial or a special court-martial.

> II. Appellant's pleas were improvident because the military judge failed to ensure that Appellant understood the meaning and effect of each condition of the pretrial agreement.

> III. This Court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved.

Assignment I is rejected; the Convening Authority's intent to convene a general court-martial is clear despite the scrivener's error. Assignment II is rejected since the Appellant has not asserted, and we have not discerned, any prejudice from the assigned error. The most significant unexplained provision, regarding potential future misconduct, is moot as the sentence imposed was less than the limit in the pretrial agreement. Assignment III will be discussed.

## Facts

Appellant was tried and sentenced on 23 June 2003. The record of trial, minus enclosures, numbered 132 pages. While not required by the pretrial agreement, the Convening Authority waived automatic forfeitures arising by operation of Article 58b, UCMJ, on 7 July 2003 for a period of six months. All amounts waived were paid to Appellant's dependants.

The Convening Authority took action on 4 March 2004, 255 days after the sentence was adjudged. A substantial portion of this period, 139 days, is attributed to the trial counsel who transferred to a new permanent duty station before reviewing the record of trial. There is no additional information in the record about the trial counsel's transfer or the availability of the assistant trial

counsel to perform the functions in Rule for Court-Martial (R.C.M.) 1103 (i)(1)(A), Manual for Courts-Martial, United States, (2002 ed.).

## Assignment III

Appellant alleges unreasonable and unexplained post-trial delay that this Court should consider in determining what sentence it approves in accordance with Article 66, UCMJ. Should relief be granted, he requests no reduction in confinement in order to complete a sex offender treatment program in October 2005. Instead, Appellant requests disapproval of the bad-conduct discharge. The Government, while not conceding the issue or that relief is appropriate, argues any relief granted by this Court should be directed to the reduction in rank portion of the sentence. This action would provide financial benefits to Appellant's family, which includes a mentally handicapped son, based on the Convening Authority's waiver of automatic forfeitures for six months.

Our higher court has long recognized that an accused has a right to timely review of a court-martial findings and sentence. *United States v. Tucker*, 9 USCMA 587, 589, 26 CMR 367, 369 (1958). This right is not dependant upon a request from the accused to the convening authority for diligent post-trial processing. *United States v. Bodkins*, 60 M.J. 322, 323-324 (C.A.A.F. 2004). Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances reflected in the record, in exercising our responsibilities under Article 66(c), UCMJ. *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We may craft an appropriate remedy, when warranted, whether or not the delay has materially prejudiced the appellant's substantial rights. *Tardif*, 57 M.J. at 224, 225.

Both Appellant and the Government have focused on the 139 days the record remained with the trial counsel as he examined and corrected it in accordance with R.C.M. 1103(i)(1)(A) before authentication by the military judge. The trial counsel transferred to a new duty station before the trial transcript was received from the court reporter. There is no information in the record, however, that might explain why the transfer caused any significant delay beyond the time necessary to mail the transcript.

There is also nothing in the record about the assistant trial counsel being unavailable to complete the R.C.M. 1103(i)(1)(A) review or the Staff Judge Advocate's inability to detail a replacement trial counsel. Transfers are a routine event in the military and do not automatically explain lengthy post-trial delays. Given the lack of information and relatively short record of trial, we find the post-trial delay both unexplained and unreasonable. We will, therefore, consider the delay when exercising our sentence appropriateness review under Article 66, UCMJ.

### Decision

After reviewing the record in accordance with Article 66, UCMJ, the findings and so much of the sentence as provides for a bad-conduct discharge, confinement for thirty-six months, and reduction to in rate E-4 are determined to be correct in law and fact and, on the basis of the entire record, should be approved. The reduction in rate below E-4 is disapproved. Accordingly, the findings of guilty and so much of the sentence, approved below, as includes a bad-conduct discharge, confinement for thirty-six months, and reduction to E-4, are affirmed.

KANTOR, Judge concurs.

BAUM, Chief Judge (concurring):

I concur with the action taken today, but if Appellant were to move for reconsideration waiving the confinement limitation in the pretrial agreement and requesting that we consider commuting the bad-conduct discharge to additional confinement to afford him the possibility of retirement rather than discharge, I would be open to entertaining that motion.

I also agree with Judge Felicetti's treatment of the assignment relating to the military judge's failure to explain the pretrial agreement provisions as required. I feel compelled to say something more about the military judge's failure in this regard, however. It has clearly been the law for many years that a judge is obligated to explain

the provisions of a pretrial agreement to the accused before accepting the pleas of guilty. R.C.M 910(f); *United States v. Green*, 1 M.J. 453, 456 (C.M.A. 1976); *United States v. Libecap,* 57 M.J. 611, 617 (C.G.Ct.Crim.App. 2002). The judge is tasked with ensuring that the accused's understanding is the same as that of the judge. It is impossible to satisfy this requirement if the judge, as in this case, does not provide her interpretation of the plea bargain's provisions. I find it particularly egregious to totally ignore the clauses providing for actions the Convening Authority could take if the accused commits subsequent misconduct. Nevertheless, given the facts of this case, the judge's error in this regard did not result in harm to Appellant, so I join in finding the error here to be harmless, and not such that the voluntariness of the plea was affected. Trial judges are cautioned that different facts, as discussed in *United States v. Bulla*, 58 M.J. 715, 718, n.3 (C.G.Ct.Crim.App. 2003), and in the concurring opinion, 58 M.J. at 723-724, could bring different results.



For the Court,


Roy Shannon Jr.
Clerk of the Court