# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Eric (NMN) GONZALEZ,
### Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMS 24266

## Docket No. 1209

## 9 June 2005

Special Court-Martial convened by Commander, U.S. Coast Guard Activities New York. Tried at Groton, Connecticut, on 17 April 2003.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LCDR Sean P. Gill, USCG |
| Assistant Trial Counsel: | LT Bowen C. Spievack, USCGR, |
| Defense Counsel: | LT Trey D. Tankersley, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | CDR Duane R. Smith, USCG |

### BEFORE
### PANEL NINE
### BAUM, McCLELLAND, & TEAL
Appellate Military Judges

TEAL, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of wrongful use of cocaine, one specification of wrongful distribution of cocaine, and one specification of wrongful introduction of cocaine onto a U.S. Coast Guard installation, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); and one specification of unlawful entry into the barracks room of a seaman, in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 135 days, and reduction to E-1. The Convening Authority approved the adjudged sentence, but, in accordance with the pretrial agreement, suspended execution of

confinement in excess of sixty-seven days for a period of twelve months from the date sentence was adjudged. The Convening Authority credited Appellant with sixty-seven days of confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). Before this Court, Appellant has assigned four errors:

>I. THE APPELLANT IS ENTITLED TO AN ADDITIONAL DAY
>OF CONFINEMENT CREDIT.
>
>II. THE MILITARY JUDGE MISADVISED APPELLANT OF
>THE MAXIMUM PUNISHMENT.
>
>III. APPELLANT'S PLEAS WERE IMPROVIDENT BECAUSE
>THE MILITARY JUDGE FAILED TO ENSURE THAT
>APPELLANT UNDERSTOOD THE MEANING AND EFFECT
>OF EACH CONDITION OF THE PRETRIAL AGREEMENT,
>OR, ALTERNATIVELY, THAT THE MILITARY JUDGE
>FAILED TO ADVISE APPELLANT OF THE COLLATERAL
>CONSEQUENCES OF A COURT-MARTIAL CONVICTION.
>
>IV. THIS COURT SHOULD CONSIDER THE
>UNREASONABLE AND UNEXPLAINED POST-TRIAL
>DELAY IN DETERMINING THE SENTENCE THAT SHOULD
>BE APPROVED.

## Assignment I

We will grant Appellant one day of credit for pretrial confinement, as requested in the first assignment. It appears from the record that both parties and the military judge miscalculated the amount of credit for pretrial confinement due Appellant by one day. Both parties agree that Appellant was due sixty-eight days of confinement credit rather than the sixty-seven days which was calculated at trial.

## Assignment II

At trial, the military judge initially gave the Appellant the following advice:

>MILITARY JUDGE: Petty Officer Gonzalez, on the basis of your
>pleas of guilty, this court could lawfully sentence you to the

> maximum punishment authorized. In this case the maximum
> punishment to the offenses to which you have pled guilty is to be
> discharged from the Coast Guard with a bad-conduct discharge, to
> a forfeiture or a fine in combination of as much as two thirds of
> your pay and allowances per month for up to one year, to be
> reduced in rank to E-1, and to be confined for a period of up to one
> year. Do you understand the maximum punishment that could be
> adjudged for the offenses to which you have entered a plea of
> guilty?
>
> PETTY OFFICER GONZALEZ: Yes, sir.
>
> MILITARY JUDGE: Do you have any questions concerning the
> maximum punishment that could be imposed by this court?
>
> PETTY OFFICER GONZALEZ: No, sir.

R. at 27-28.

Just before the military judge made the above statement, an additional exchange occurred between the defense counsel and the military judge:

> MILITARY JUDGE: Defense Counsel, what advice have you
> given to the accused as to the maximum punishment for the
> offenses for which he has pled guilty?
>
> DEFENSE COUNSEL: Sir, I advised the accused the maximum
> punishment is 12 months confinement, a reduction to pay grade E-
> 1, forfeiture of two thirds pay per month for 12 months and a fine,
> and discharge from the Coast Guard with a bad-conduct discharge.

R. at 27.

Neither the defense counsel nor the military judge got it right; the military judge spoke in terms of a forfeiture or a fine in combination of as much as two-thirds pay and allowances per month for up to one year; while defense counsel spoke in terms of forfeiture of two-thirds pay per month for twelve months and a fine.

It is clear that there was improper advice given regarding the maximum punishment which could be adjudged at a special court-martial. A special court-martial may only adjudge a combination of fines and forfeitures not to exceed two-thirds pay per month for up to one year.

Article 19, UCMJ; Rules for Courts-Martial (R.C.M.) 201(f)(2)(B), 1003(b), Manual for Courts-Martial, United States, (2002 ed.).

We are not convinced that either misstatement, by the military judge and the defense counsel, caused any prejudice to the accused, applying the factors articulated by this Court in *United States v. Ontiveros*, 59 M.J. 639 (C.G.Ct.Crim.App. 2003). In particular, we are not convinced that there was a reasonable likelihood that the Appellant would have rejected his plea bargain and demanded trial if he had received correct advice instead of the advice he received. Therefore, we reject the second assignment.

### Assignment III

In the third assignment of errors, Appellant argues that his pleas were improvident due to the fact that the military judge failed to ensure that the Appellant understood the meaning and effect of each condition of the pretrial agreement. In the alternative, Appellant argues that the pleas were improvident because the military judge failed to advise him of the collateral consequences of his court-martial.

The responsibility of a military judge in regards to the understanding of an Appellant of the provisions and ramifications of a pretrial agreement can be traced back to *United States v. Green*, 1 M.J. 453 (C.M.A. 1976) and *United States v. King*, 3 M.J. 458 (C.M.A. 1977). In the most recent case, *United States v. Felder*, 59 M.J. 444 (C.A.A.F. 2004), the Court of Appeals of the Armed Forces reiterated that R.C.M. 910(f) requires that a military judge make "a meaningful inquiry into the provisions of every pretrial agreement," and that failure to explain a material provision is error. *Felder*, 59 M.J. at 446. However, failure to explain a provision in a pretrial agreement was harmless error when an appellant failed to demonstrate material prejudice to a substantial right. *Id.*

The question, then, is whether or not the Appellant has demonstrated prejudice to a substantial right? In particular, would the Appellant have chosen to change his plea to not guilty

4

and demand a contested trial had he understood the correct application of Articles 58a and 58b, UCMJ, to special courts-martial conducted by the U.S. Coast Guard?

Based upon our review of the record, we find that there is not a substantial likelihood that the Appellant would have chosen to change his pleas to not guilty and demanded a contested trial. Therefore, we reject the third assignment.

**Assignment IV**

Appellant now asks this Court to consider what counsel characterizes as "the unreasonable and unexplained post-trial delay" in determining the sentence that this Court should approve. The Court of Appeals for the Armed Forces has addressed the issue of "unreasonable and unexplained post-trial delay" in *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2003). Under *Tardif*, the Courts of Criminal Appeals have broad discretion to grant or deny relief for unreasonable or unexplained delay, and a finding of specific prejudice is not required. *United States v. Bodkins*, 60 M.J. 322, 324 (C.A.A.F. 2004) (citing *United States v. Tardif*, 57 M.J. at 224).

Unreasonable and unexplained post-trial delay is a factor that this Court may consider in exercising our Article 66, UCMJ, authority in making a determination of sentence appropriateness. In doing so, the Court must take into account "all the facts and circumstances reflected in the record, including [any] unexplained and unreasonable post-trial delay." *Bodkins*, 60 M.J. at 324, (citing *Tardif*, 57 M.J. at 224).

The Staff Judge Advocate provided a full accounting of the post-trial processing in the memorandum forwarding the record of trial to the Office of Military Justice at Coast Guard Headquarters. The record of trial was authenticated by the military judge on 2 July 2003 and on 14 July 2003 the trial counsel departed for a new assignment. The record of trial was "misplaced" and not discovered until the legal office conducted a "routine office field day" on 28 November 2003. Since the Government offers no other explanation for the delay, we can only presume that the legal office was unaware of the location of the record of trial and was not

actively looking for it. As a result, we hold that this delay is unreasonable. We will, therefore, consider the delay when exercising our sentence appropriateness review under Article 66, UCMJ.

**Decision**

After reviewing the record in accordance with Article 66, UCMJ, the findings and so much of the sentence as provides for a bad-conduct discharge and confinement for 135 days are determined to be correct in law and fact and, on the basis of the entire record, should be approved. The reduction in rate is disapproved. Accordingly, the findings of guilty and so much of the sentence, approved below, as includes a bad-conduct discharge, and confinement for 135 days, are affirmed.

Chief Judge BAUM and Judge McCLELLAND concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court