**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**William F. SHEEHAN,**
**Seaman (E-3), U.S. Coast Guard**

**CGCMS 24280**

**Docket No.  1218**

**1 November 2005**

Special Court-Martial convened by Commander, Coast Guard Activities New York.  Tried at New York, New York, on 20 November 2004.

| | |
|---|---|
| Military Judge: | CDR Michael E. Tousley, USCG |
| Trial Counsel: | LCDR Luke M. Reid, USCG |
| Defense Counsel: | LT Todd R. Kline, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

**BEFORE**
**PANEL EIGHT**
**BAUM, TEAL, & FELICETTI**
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully using cocaine on divers occasions, one specification of introduction of some amount of marijuana onto an installation used by the armed forces on divers occasions, one specification of wrongfully possessing some amount of marijuana on divers occasions, and one specification of wrongfully use marijuana on divers occasions, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and reduction to E-1.  The Convening Authority approved the sentence as adjudged, but, in accordance with the pretrial agreement,

suspended confinement in excess of 120 days for the period of twelve months from the date the sentence was adjudged.

Before this Court, Appellant has assigned two errors:

> I. THAT HE WAS NOT SERVED WITH A COPY OF THE REFERRED CHARGES IN ACCORDANCE WITH R.C.M. 602 AND ARTICLES 35, UCMJ; AND

> II. THAT THE PLEAS WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO ENSURE THAT APPELLANT UNDERSTOOD THE MEANING AND EFFECT OF EACH CONDITION OF THE PRETRIAL AGREEMENT.

With respect to the first assignment, Appellant received a copy of the charges before they were actually referred to trial. On the day of trial, he was served with the referred charges, which entitled him at that point to a delay of trial for three days pursuant to Article 35, UCMJ. Instead, Appellant chose to proceed with the trial as scheduled, and, thereby, waived any issue with respect to the late service of referred charges. Accordingly, Appellant's first assignment of error is rejected.

In his second assignment, Appellant asserts that the military judge failed to adequately ensure Appellant's understanding of certain terms of the pretrial agreement, specifically, the misconduct provisions and other specially negotiated provisions, except the one prohibiting Appellant's hearsay or authenticity objection to the introduction of service record documents. Appellant is correct in his assertion that the military judge failed to adequately ensure that the misconduct clauses and specially negotiated provisions were understood. In fact, the judge made no attempt at all to explain these terms and ascertain Appellant's understanding. With regard to the provision prohibiting hearsay and authenticity objections to service record documents, which was addressed by the judge, Appellant contends that, in so doing, the judge gave an incorrect explanation that mislead Appellant.

**United States v. William F. SHEEHAN, No. 1218 (C.G.Ct.Crim.App. 2005)**

Rule for Court-Martial (R.C.M.) 910(f), Manual for Courts-Martial, United States, (2002 ed.) sets out the obligation of judges to explain and ensure an accused's understanding of pretrial agreement terms and this requirement has been addressed more than once by this Court. *United States v. Cockrell*, 60 M.J. 501, 502 (C.G.Ct.Crim.App. 2004); *United States v. Gonzalez*, 61 M.J. 633, 636 (C.G.Ct.Crim.App. 2005); *United States v. Libecap*, 57 M.J. 611, 617 (C.C.Ct.Crim.App. 2002); *United States v. Walters*, 61 M.J. 637, 639 (Baum, C.J., cocurring)(C.G.Ct.Crim.App. 2005). We have cautioned judges and counsel alike of the need to correctly understand pretrial agreement provisions and to properly explain them to an accused. *United States v. Anderson*, 55 M.J. 588, 590 (C.G.Ct.Crim.App. 2001); *United States v. Riggs* 59 M.J. 614, 617 (C.G.Ct.Crim.App. 2003). Moreover, we have alerted these officers of the trial court of the potential for adverse appellate action that may follow failure to comply with this basic requirement. *United States v. Riggs*, 59 M.J. at 617; *United States v. Walters*, 61 M.J. at 637 (Baum, C.J., concurring); *United States v. Bulla*, 58 M.J. 715, 724 (Baum, C.J., concurring)(C.G.Ct.Crim.App. 2003). It is indeed disheartening to continue to see records of trial where the military judge has failed to adequately explain pretrial agreement provisions and counsel have sat by silently.

Appellant contends that this Court should decline to fill in this blank record and conclude that Appellant's pleas are not provident. The seminal cases of *United States v. Green*, 1 M.J. 453 (C.M.A. 1976), and *United States v. King*, 3 M.J. 458 (C.M.A. 1977), in fact, indicated that such a course of action was the proper one to take. However, our higher Court in recent years has changed direction on this issue and has relied, instead, on the concept of prejudicial error to justify corrective action, providing no relief if the error is deemed harmless. *United States v. Felder*, 59 M.J. 444 (C.A.A.F. 2004). We followed this latest approach by our higher Court in *United States v. Gonzalez,* 61 M.J. 633 (C.G.Ct.Crim.App. 2005), and, despite our condemnation of shortcomings by trial judges and counsel in this area, we will apply the same analysis here. Finding no prejudice to Appellant's substantial rights, and discerning no indication that Appellant's pleas of guilty were adversely affected by unexplained or misleading explanations of the pretrial agreement, we decline to hold the pleas of guilty improvident.

We have reviewed this case in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges TEAL and FELICETTI concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court