CORRECTED COPY


UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
Washington, D.C.


UNITED STATES


v.


Jessica L. LUCAS
Food Services Specialist Third Class (E-4), U.S. Coast Guard


CGCMS 24399


Docket No. 1310


22 December 2009


Special Court-Martial convened by Commander, Coast Guard Sector Charleston.  Tried at
Charleston, South Carolina, on 29 January 2008.

| | |
|---|---|
| Military Judge: | CDR Sandra K. Selman, USCG |
| Trial Counsel: | LCDR Erin H. Ledford, USCG |
| Defense Counsel: | LT Deborah M. Loomis, JAGC, USNR |
| Appellate Defense Counsel: | CDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |


BEFORE
McCLELLAND, LODGE & KENNEY
Appellate Military Judges


McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to her pleas
of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one
specification of wrongful distribution of marijuana, one specification of wrongful introduction of
marijuana onto a military installation, and one specification of wrongful use of marijuana, in
violation of Article 112a, Uniform Code of Military Justice (UCMJ).  The military judge
sentenced Appellant to forfeiture of $500 per month for six months, reduction to E-3, and a bad-
conduct discharge.  The Convening Authority approved the sentence as adjudged.  The pretrial
agreement did not affect the sentence.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

Our dissenting brother notes omissions from the record of post-trial proofs of service, and post-trial delay; and believes we should consider these sua sponte, and grant relief on account of post-trial delay and return the record to a different convening authority for new action. We do not agree that there is any need to consider these issues. If we did consider them, we do not agree that relief would be warranted.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judge LODGE concurs.

KENNEY, Judge (dissenting):

I respectfully dissent. This case presents two issues regarding post-trial processing warranting review by this Court. In order to frame the issues presented, a brief chronological recitation of the events after trial is necessary, as follows:

29 Jan 08: The sentence is announced by the Military Judge. At trial, the accused asks that the Record of Trial (ROT) and the Staff Judge Advocate's Recommendation (SJAR) issued pursuant to Rule for Courts-Martial (R.C.M.) 1106, Manual for Courts-Martial, United States (2008 ed.) be served on her personally. (R. 148-49.) The Military Judge also states that the SJAR would be served on both the Appellant and her Detailed Defense Counsel. *Id.*

20 Mar 08 (51 days cumulative): The Military Judge authenticates the ROT pursuant to R.C.M. 1104(a)(2)(A). (Ancillary Doc. 12). There is no indication in the record that the ROT was ever served on the Appellant. The DD Form 490, page 2 contained in the allied papers with the ROT is blank. (Anc. Doc. 7.).

05 May 08 (46 days, 95 days cumulative):  The Detailed Defense Counsel signs DD Form 490 indicating that she has examined the authenticated ROT.  (Anc. Doc. 11).

09 May 08 (4 days, 99 days cumulative):  SJAR issued.  (Anc. Doc. 13).  The SJAR includes as its enclosures a copy of R.C.M. 1107, which describes procedures for clemency requests and a copy of the authenticated ROT.  The SJAR indicates that copies of the SJAR, without its enclosures, will be sent to both Appellant and Detailed Defense Counsel. However, the record does not contain any certificates of service or certificates of receipt to indicate that such copies were ever delivered and received.

09 Jun 08 (31 days, 132 days cumulative):  The Convening Authority, in his action, approves the findings and sentence.  (Anc. Doc. 10).  No clemency material was submitted by the Appellant or her counsel prior to the Convening Authority's action and no such documentation appears in the compiled ROT.

16 Jun 08:  The ROT is forwarded by the SJA to the Judge Advocate General for review processing.  (Anc. Doc. 5).  The ROT does not contain any explanation for any post-trial delay, nor does it contain the accounting required by the Coast Guard Military Justice Manual when post-trial processing exceeds 120 days. Chapter 5 § F.4, COMDTINST M5810.D, Military Justice Manual, dated 17 August 2000.

## Unreasonable and Unexplained Post-Trial Delay

Over the last five years, this Court has frequently addressed the issue of unreasonable and unexplained post-trial delay.  *See, e.g., United States v. Gonzalez,* 61 M.J. 633 (C.G.Ct.Crim.App. 2005); *United States v. Walters,* 61 M.J. 637 (C.G.Ct.Crim.App. 2005); *United States v. Denaro*, 62 M.J. 663 (C.G.Ct.Crim.App. 2006).  We have continued to address the issue in the wake of the Court of Appeals for the Armed Forces decision in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), which creates a presumption of unreasonable delay if post-trial processing exceeds 120 days.  *Id.* at 142.  *See, e.g., United States v. Holbrook,* 64 M.J. 553 (C.G.Ct.Crim.App. 2007), *United States v. Lind*, 64 M.J. 611 (C.G.Ct.Crim.App. 2007), *United States v. Greene,* 64 M.J. 625 (C.G.Ct.Crim.App. 2007).  In all of the cases cited above decided by this Court, we have followed the rationale of our higher Court in *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).  Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances reflected in the record, in exercising its responsibilities under Article 66(c), UCMJ. *Greene*, 64 M.J. at 627.  Indeed, in *Holbrook,* we stated that the Court "will therefore, continue to vigilantly apply the current standards for resolving purely Article 66 post-trial delay claims."  64 M.J. at

557-558. This case presents us with yet another opportunity to demonstrate that vigilance, yet the majority declines.

While the total post-trial processing time in the case is only twelve days more than the standard set in *Moreno*, three separate transactions cause concern. First, preparation and authentication of a 158-page transcript took fifty-one days. Second, the SJA waited until after the Detailed Defense Counsel examined the authenticated record (forty-six days) before he prepared his SJAR, for no discernable reason. Third, the Convening Authority took thirty-one days to complete his action. Even with the other, previous delays, he could have taken action as early as day 110, after allowing Appellant ten days to submit matters in clemency. R.C.M. 1105(c) and 1107(b)(2). Moreover, all the delays described above are completely unexplained.

Here, we have a 132-day delay with no explanation or justification and no relief. Comparing this case to *Greene* (173 days with explanation, relief granted) (64 M.J. at 627-628), *Lind* (175 days with explanation; delay found "not to be overly excessive," but relief granted) (64 M.J. at 614-615, 617), and *Holbrook* (162-day delay with explanation, relief granted) (64 M.J. at 557-558) leaves one to ponder about the true meaning of the 120-day standard set in *Moreno*, and why this case was not reviewed. Surely, a "grace period" should not be allowed. Either the 120-day standard, coupled with the other factors in *Moreno*, should be addressed; or review under Article 66 should occur to consider (and order) *Tardif* relief; or the Court should announce new standards for review.

### Failure to Serve Appellant with the Authenticated Record of Trial

To comply with Article 54(d), UCMJ, trial counsel shall cause a copy of the record of trial to be served on the accused as soon as the record of trial is authenticated. R.C.M. 1104(b)(1)(A), (C). Further, trial counsel shall cause the accused's receipt for the copy of the record of trial to be attached to the original record of trial. If it is impracticable to secure a receipt from the accused before the original record of trial is forwarded to the convening authority, the trial counsel shall prepare a certificate indicating that a copy of the record of trial has been transmitted to the accused. R.C.M. 1104(b)(1)(B). In this case, there is no indication that there ever was an attempt to serve the authenticated ROT on Appellant. The record is

devoid of certificates of service, receipt, or transmission; therefore, we must assume that service was never attempted.

Before forwarding the recommendation and record of trial to the convening authority for action under R.C.M. 1107, the staff judge advocate or legal officer shall cause a copy of the SJAR to be served on counsel for the accused. A separate copy will be served on the accused. If it is impracticable to serve the SJAR on the accused or if the accused so requests on the record at the court-martial or in writing, the accused's copy shall be forwarded to the accused's defense counsel. A statement shall be attached to the record explaining why the accused was not served personally. R.C.M. 1107(f)(1). In this case, there are no certificates of service or receipt for Appellant or counsel, nor statements in the allied papers accompanying the ROT.

In *United States v. Cruz-Rios*, 1 M.J. 429, 432-33 (C.M.A. 1976), the Court of Military Appeals found that the Government erred when it did not comply with Article 54(c)[1] by failing to provide Cruz-Rios with a copy of the ROT as soon as it was authenticated, and ordered the record returned to the Convening Authority for new action. However, in *United States v. Duckworth,* 45 M.J. 549, 550-51 (C.G.Ct.Crim.App. 1996), this Court declined to adopt a purely mechanical test for returning the record to the convening authority for non-compliance with Article 54(d), if substantial compliance was demonstrated, citing *United States v. Diamond*, 18 M.J. 305, 307-08 (C.M.A. 1984). In *Diamond,* making the ROT available for inspection by defense counsel constituted substantial compliance with Article 54(d), but the case was remanded for action by a new convening authority when neither the accused nor his counsel were provided the SJAR prior to action by the original convening authority. 18 M.J. at 307-308. In *Duckworth*, the appellant was never served with a copy of the authenticated ROT, but his counsel did submit matters in clemency pursuant to R.C.M. 1105 and Articles 38(c) and 60(b)(1), UCMJ. Finding substantial compliance with Article 54(d), and finding no prejudice to the appellant, the *Duckworth* Court granted no relief for the Government's failure of service of the ROT. 49 M.J. at 550-551. In *United States v. Wheelus*, 49 M.J. 283, 289-290 (C.A.A.F. 1998), like *Duckworth,* the accused was not served with the authenticated ROT, but his counsel

---

[1] Pub.L. 98-209 has since redesignated former subsec. (c) as (d).

did submit matters in clemency prior to convening authority action.  Finding no prejudice, our higher court granted no relief.  *Id.*

This case contains the factual scenario foreshadowed but not confronted in *Cruz-Rios*, *Diamond*, *Duckworth* and *Wheelus*; that is, no service of the ROT on Appellant, no service of the SJAR on Appellant or her counsel, and no matters in clemency submitted to the Convening Authority prior to action.  The only evidence of compliance with *any* of the requirements of Articles 38 and 54, UCMJ by the Government is that the Detailed Defense Counsel was able to examine the authenticated ROT prior to action.

To be sure, the test is not one of mere compliance with the technical rules for service and examination of important post-trial documents; prejudice must also occur.  *Wheelus*, 49 M.J. at 290.  However, at some point, if the Government's post-trial processing falls below a certain standard, prejudice should be presumed.  *See Moreno*.  More so than in *Wheelus*, the Government's documentation in this case "has been woefully inadequate."  *Id*. at 290.  It falls to a level where prejudice should be presumed.  I would return this case to a different convening authority for new action.



For the Court,

Frederick J. Kenney,
Judge