# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## James R. LECOMTE,
### Senior Chief Boatswain's Mate (E-8), U.S. Coast Guard

## CGCMG 0200

## Docket No.  1221

## 16 November 2005

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 29 March 2004.

| | |
|---|---|
| Military Judge: | CAPT David A. Wagner, JAGC, USN |
| Trial Counsel: | LT Patrick M. Flynn, USCG |
| Assistant Trial Counsel: | LT S. Dawn Woodard, USCGR |
| Defense Counsel: | LT Karen C. Jensen, USCGR |
| Assistant Defense Counsel: | LT Robert Monahan, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

## BEFORE
## PANEL THREE
## BAUM, KANTOR, & McCLELLAND
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a general order by using Coast Guard office equipment to view, download, and store sexually explicit materials, in violation of Article 92, Uniform Code of Military Justice (UCMJ); and one specification of knowingly receiving material containing child pornography that had been transported in interstate commerce by computer, one specification of knowingly transporting child pornography in interstate commerce by computer, and one specification of knowingly possessing computer disks containing images of child pornography

that had been transported in interstate commerce by computer, all in violation of 18 U.S.C. § 2252A, under Article 134, UCMJ. The military judge sentenced Appellant to confinement for four years and reduction to E-4. The Convening Authority approved the sentence as adjudged, but, as required by the pretrial agreement, suspended all confinement in excess of twelve months for twelve months from the date of the accused's release from confinement. In approving the sentence as adjudged, the Convening Authority also included in his action the following unwarranted language: "…and except for that part of the sentence extending to a bad conduct discharge will be executed." That additional language was not included in the promulgating order's account of the Convening Authority's action.

Before this Court, Appellant has assigned the following two errors:

> I. THIS COURT SHOULD CONSIDER THE UNREASONABLE AND UNEXPLAINED POST-TRIAL DELAY IN DETERMINING THE SENTENCE THAT SHOULD BE APPROVED.
>
> II. APPELLANT WAS PREJUDICED BY THE MISSTATEMENT IN THE CONVENING AUTHORITY'S ACTION IMPLYING THAT A BAD CONDUCT DISCHARGE HAD BEEN APPROVED.

**Assignment I**

Appellant contends that the 182 days between the date of trial and action by the Convening Authority were both unreasonable and unexplained, but no prejudice resulting from this delay is alleged. Citing *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), Appellant submits that no prejudice need be found in order for this Court to reduce the sentence and that the delay should be considered along with everything else in the record in determining what portion of the sentence to approve under Article 66, UCMJ. In this regard, Appellant requests that this Court disapprove the reduction in rate, or, in the alternative, affirm a reduction to E-6 and only six months confinement.

In response, the Government contends that the processing time in this case was neither unexplained nor unreasonable, but agrees that under *United States v. Bodkins*, 60 M.J. 322 (C.A.A.F 2004), if we determine that it was unexplained and unreasonable, the Court would have broad discretion to take into account the impact, or lack thereof, of any delay on Appellant in deciding whether to grant or deny relief. *Id.* at 324 (citing *Tardif*, 57 M.J. at 224). However, the Government submits that the delay benefited Appellant rather than affecting him adversely, since the pretrial agreement called for deferral until the Convening Authority's action of automatic forfeitures related to his confinement and then waiver of those forfeitures for six months after that action, in order that pay could be provided to Appellant's family. As a result, the forfeitures were deferred for 182 days until the Convening Authority acted and waived them after that for six months, ensuring that Appellant's family continued to receive pay until he was released from confinement. If the Convening Authority had acted sooner, Appellant might have been subject to automatic forfeitures, according to the Government.

As we stated in *United States v. Gonzalez*:

> Unreasonable and unexplained post-trial delay is a factor that this Court may consider in exercising our Article 66, UCMJ, authority in making a determination of sentence appropriateness. In doing so, the Court must take into account "all the facts and circumstances reflected in the record, including [any] unexplained and unreasonable post-trial delay." *Bodkins*, 60 M.J. at 324, (citing *Tardif*, 57 M.J. at 224).

*United States v. Gonzalez*, 61 M.J. 633, 636 (C.G.Ct.Crim.App. 2005). An explanation for the delay, other than a simple statement of the number of days taken for each post-trial step, is not provided in the record. While we are not convinced that 182 days from trial to the Convening Authority's action is necessarily unreasonable, we will take the lack of an explanation for that delay into consideration, along with the other matters of record, in determining the

3

sentence that should be approved. In this regard, we note from the testimony of Appellant's wife that there was a period of as much as two years from the time authorities searched Appellant's home until the date of trial, which made for a very tense situation for her and her husband for two years before trial. Presumably, the continued delay after trial until action was taken on the sentence had its effect on the family also, while waiting to see whether the Convening Authority would ameliorate the reduction in rate or confinement as requested in the clemency petition.

**Assignment II**

Added to the foregoing facts is the confusion that may have been generated by a misstatement concerning a bad-conduct discharge in the Convening Authority's action, as asserted in assignment of error II. The Convening Authority stated in his action that, " the sentence is approved, and except for that part of the sentence extending to a bad conduct discharge will be executed…." Of course, the adjudged sentence did not include a bad-conduct discharge, but the language of the action may have led Appellant and his wife to become concerned that somehow the Convening Authority could approve a punitive discharge. In the words of Appellant's brief:

> Even a scrivener's error, as the one in this case, can have a significant emotional impact on an incarcerated member who has been patiently awaiting the convening authority's action on his case only to be told in the action that not only is he not going to receive the clemency requested, but he is actually facing a harsher punishment than he originally thought. This is particularly true in this case because, as the record makes clear, Appellant suffers from bi-polar disorder characterized by depression.

Taking into consideration the unexplained post-trial delay, along with the misleading wording of the Convening Authority's action, as well as all other matters of record, I am convinced that a lessening of the sentence in some respect

is warranted.  The other two members of this panel are not disposed to reduce the sentence in any manner, however.

## Decision

Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.  In accordance with Rule for Courts-Martial 1107(f)(2), Manual for Courts-Martial, United States, (2002 ed.), the Convening Authority shall issue a revised action deleting the unwarranted language relating to a bad-conduct discharge, as has already been done with respect to the action set out in the court-martial promulgating order.

Judges KANTOR and McCLELLAND concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court