**UNITED STATES**

v.

**Senior Airman Alfredo E. PRECIADO, United States Air Force.**

**ACM 35871 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 Jan. 2004.

23 Oct. 2008

tain Vicki A. Belleau, Captain Diane M. Paskey, and Dwight H. Sullivan, Esquire.

Appellate Counsel for the United States: Major Brendon K. Tukey (argued), Colonel Gerald R. Bruce, Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, Lieutenant Colonel Matthew S. Ward, Major Jeremy S. Weber, Major C. Taylor Smith, and Captain Ryan N. Hoback.

Before WISE, BRAND, and HELGET, Appellate Military Judges.

## UPON FURTHER REVIEW

HELGET, Judge:

On 27 January 2004, at Kirtland Air Force Base (AFB), New Mexico, a military judge sitting as a general court-martial convicted the appellant in accordance with his plea of one specification of indecent assault, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced the appellant to a bad-conduct discharge, confinement for 15 months, and reduction to the grade of E–1. On 22 March 2004, the convening authority (CA) approved the findings and sentence as adjudged. The CA later reduced the finding of guilty of indecent assault to a finding of guilty of an indecent act, in violation of Article 134, UCMJ.

The appellant's case is before this Court for a second time. On 20 December 2005, we issued our initial opinion. Originally, the appellant submitted two assignments of error, asserting: (1) that he was denied conflict-free counsel during post-trial processing and (2) that both his trial defense attorneys had been ineffective in advising him to plead guilty.[2] Finding error as to the first issue, we remanded the record of trial to the Kirtland AFB legal office for corrective action in the form of new post-trial processing. We deferred consideration of the second issue until post-trial processing was complete and the case was returned to us for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Appellate Counsel for the Appellant: Major Shannon A. Bennett (argued), Colonel Carlos L. McDade, Major Sandra K. Whittington, Major Christopher S. Morgan, Cap-

---

1. The appellant was also charged with attempted rape under Article 80, UCMJ, 10 U.S.C. § 880. Under the terms of the pretrial agreement in this case, the convening authority agreed to withdraw the attempted rape charge.

2. This second issue was submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

On 14 January 2008, over two years after our initial decision, the CA issued a new Action and this case was re-docketed with this Court on 21 February 2008. The appellant now asserts three new assignments of error:

## I

WHETHER APPELLANT'S DUE PROCESS RIGHT TO TIMELY POST–TRIAL PROCESSING WAS VIOLATED WHEN THE GOVERNMENT TOOK AN UNREASONABLE 793 DAYS TO RETURN THE RECORD OF TRIAL TO THIS COURT AFTER THIS COURT ORDERED NEW POST–TRIAL PROCESSING IN ORDER FOR APPELLANT TO HAVE CONFLICT–FREE COUNSEL REPRESENT HIM.

## II

WHETHER APPELLANT IS ENTITLED TO SENTENCE RELIEF OR A NEW POST–TRIAL ACTION WHERE THE POST–TRIAL PROCESSING IN HIS CASE WAS MARRED BY DEFECTIVE STAFF WORK AND THE CONVENING AUTHORITY'S ACTION IS AMBIGUOUS.

## III

WHETHER THE UNREASONABLE DELAY IN THE POST–TRIAL PROCESSING OF APPELLANT'S CASE RENDERS HIS APPROVED SENTENCE INAPPROPRIATE.

### Background

The appellant and the female victim, A1C SH, were both deployed from Kirtland AFB to Royal Air Force Akrotiri, Cyprus in April 2003. While they were off duty and in the company of other Air Force (AF) members, they went to an on-base bar and consumed alcohol. The victim became intoxicated and had to be helped back to the tent city where the AF members were being housed.

The AF members who brought the victim home from the bar did not want to wake up her tent mates so they brought her into the male tent and put her to bed. The members then left the tent, with the exception of the appellant. The appellant began to fondle the victim's buttocks and genitals, and he placed the victim's hand on his penis. Soon thereafter, several AF members returned to the tent and observed that the victim's shirt had been pulled up above her breasts and her pants and panties had been pulled down to her ankles. They also observed the appellant adjusting his pants. An investigation ensued, and the appellant admitted that he had fondled the victim without her consent.

At trial, the appellant was represented by Capt ME and Capt KE. The Area Defense Counsel (ADC), Capt KE, was responsible for post-trial processing. The appellant submitted a written request for clemency containing 19 attachments. The appellant's wife and his father-in-law submitted statements containing comments that they felt the appellant had been misrepresented at trial. The appellant's clemency letter made no allegation of ineffective assistance of counsel. The appellant's clemency package did not contain a cover memo or any other document signed by Capt KE. Further, the addendum to the Staff Judge Advocate Recommendation (SJAR) made no reference to the family members' comments alleging ineffective assistance of counsel.

On appeal, the appellant submits an affidavit stating that he informed Capt KE that he was dissatisfied with the representation he received at trial. The appellant also states that he was never advised by Capt KE that he could request a new military counsel to handle his post-trial matters. Capt KE submitted an affidavit stating that the appellant never advised him that he was dissatisfied with the representation provided by his defense counsel.

In 2005, we opined that the references in the two attachments to the appellant's clemency response, and the absence of a memo from the ADC, should have provided sufficient notice to the Staff Judge Advocate (SJA) that there was, at a minimum, the appearance of an attorney-client conflict in this case. Since the SJA never notified Capt KE of this potential conflict, the issue was never resolved. This Court remanded the case for new post-trial processing.

On 6 January 2006, the appellant's case was returned to the Kirtland AFB legal office for new post-trial processing. On 24 March 2007, the Air Force's Military Justice Division (JAJM) contacted the military justice section in the Kirtland AFB legal office requesting an update on the status of the case. On 16 May 2007, 53 days later, the second addendum to the SJAR was accomplished. This addendum was served on the appellant's new defense counsel on 26 July 2007 but was not served on the appellant until 10 November 2007 despite efforts on the part of the appellant's newly-appointed ADC. On 14 January 2008, after a third and fourth addendum to the SJAR, the Action was accomplished by the CA. On 21 February 2008, the case was re-docketed with this Court. The total amount of time that elapsed from the date of our initial decision to the date the case was re-docketed with this Court is 793 days.

### Ineffective Assistance of Counsel

■ We review claims of ineffective assistance of counsel de novo. *United States v. Sales*, 56 M.J. 255, 258 (C.A.A.F.2002). In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-prong test to determine whether a conviction should be set aside on the grounds that trial defense counsel was ineffective. The appellant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In this case, the appellant claims that he wanted to plead not guilty as late as the morning of the trial, and his counsel advised him that he only had a thirty percent chance of winning. After our review of this case, this advice seems reasonable. Had the appellant elected to litigate the case, he faced four eye witnesses who saw the victim lying on the bed, passed out from overindulgence, with her pants and panties around her ankles and her breasts exposed. The appellant was seen standing next to the bed adjusting his clothing. The appellant admitted to agents from the Air Force Office of Special Investigations that he rubbed the victim's buttocks and vagina, played with her clitoris, and placed her hand on his penis while he was standing beside her and she was lying on the bed. In light of the evidence and the pretrial agreement approved by the convening authority, the appellant's trial defense counsel's performance was neither deficient nor did it prejudice the appellant.

### Timely Post–Trial Processing

■ The appellant alleges that his due process right to timely post-trial processing was violated when the government took an unreasonable 793 days to return the record of trial to this Court. Convicted service members are entitled to a timely review and appeal of court-martial convictions. *Toohey v. United States*, 60 M.J. 100, 101 (C.A.A.F. 2004). "We review de novo claims that an appellant has been denied the due process right to a speedy post-trial review and appeal." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F.2006). In conducting this review, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice.

### Length of the Delay

Initially, unless the delay is facially unreasonable, the full due process analysis will not be triggered. *Toohey*, 60 M.J. at 102. We conduct a case-by-case analysis to determine if a given delay is facially unreasonable. *Id.* at 103. In this case, we conclude that taking 793 days to return the record of trial to this Court after our initial decision on 20 December 2005 is facially unreasonable, and thus, this factor weighs heavily in the appellant's favor.

### Reasons for the Delay

The second factor under *Barker* also weighs in the appellant's favor. "Here we look at each stage of the post-trial period, at the [g]overnment's responsibility for any delay, and at any explanations for delay including those attributable to [the appellant]." *United States v. Toohey*, 63 M.J. 353, 359 (C.A.A.F.2006). On 20 December 2005, we remanded this case to the Kirtland AFB legal office for new post-trial processing. No

further action was taken on this case until 512 days later, on 16 May 2007, when the second addendum to the SJAR was signed by the Kirtland AFB SJA. Although JAJM contacted the Kirtland AFB legal office about this case on 24 March 2007, it took an additional 53 days to complete the second addendum to the SJAR. Further, it took 71 additional days, until 26 July 2007, for the second addendum to the SJAR to be served on the new ADC and another 107 days, until 10 November 2007, to serve the second addendum on the appellant. The government provides absolutely no plausible explanation for this lengthy delay. Accordingly, we find this *Barker* factor weighs heavily in favor of the appellant.

### Appellant's Assertion of the Right to a Timely Review and Appeal.

In this case, the appellant never specifically asserted his right to a timely review. However, in *Moreno*, our superior court held that it is the government's obligation to ensure a timely review of an appellant's case, and it is not the appellant's responsibility to complain in order to receive timely convening authority action. *Moreno*, 63 M.J. at 138. Also, in this case, the appellant's new ADC did contact the Kirtland AFB legal office on several occasions to check on the status of the appellant's post-trial processing. Considering the delay in this case was beyond the appellant's control and his new defense counsel did make several attempts to resolve the issue, we find this factor weighs in favor of the appellant.

### Prejudice

■■■ The framework for analyzing prejudice under this fourth *Barker* factor considers three interests: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their ap-

peals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Id.* at 138–39.

The appellant's sentence included confinement for 15 months. On 20 December 2005, when we remanded this case, the appellant had already been released from confinement. Therefore, his incarceration was not lengthened by the delay.

■■■ The anxiety and concern sub-factor "require[s] an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. The appellant alleges that he has been prejudiced by the delay because he had to register as a sex offender, and he is restricted from attending events at his children's schools.[3] In *Moreno*, our superior court recognized that the requirement to register as a sex offender could constitute anxiety greater than that normally experienced by prisoners awaiting an appeal, primarily if the appellant's claims are meritorious. *Id.* Although we have not found the appellant's outstanding claim of ineffective assistance of counsel to be meritorious, considering that it took the convening authority at least 18 months longer than it should have to change the finding of guilty of an indecent assault to a finding of guilty of an indecent act, we find that the appellant has experienced some anxiety greater than that anxiety normally experienced by an appellant waiting for an appellate decision. The appellant remained registered as a sex offender in his home state far longer than he would have had his case been properly processed.[4]

As to the third factor used for determining prejudice, the appellant contends that if he is

3. Pursuant to Department of Defense Instruction (DODI) 1325.7, *Administration of Military Correctional Facilities and Clemency and Parole Authority*, Enclosure 27 (17 Jul 2001), state and local law enforcement agencies must be notified upon release of a military member convicted of indecent assault.

4. While the appellant's new defense counsel placed great weight on the length of the delay in this case in seeking clemency for his client, it

was not the sole basis for the request. This Court must assume that had the appellant's case been properly processed upon its return to Kirtland AFB, the convening authority would have reduced the findings at least 18 months earlier than it actually occurred. Under DODI 1325.7, Enclosure 27, there is no requirement to notify state and local law enforcement agencies upon release of a member found guilty of an indecent act.

successful on appeal regarding his claim of ineffective assistance of counsel and a new trial is ordered, it will be difficult to have a fair retrial on the merits because the alleged offense occurred over five years ago. Presently, several of the witnesses, including the victim, are no longer in the military. However, since we have found no merit to the claim of ineffective assistance of counsel, the appellant has failed to show prejudice under this sub-factor.

Considering that the appellant experienced particularized anxiety or concern awaiting the outcome of his appeal, we conclude that the prejudice factor weighs in favor of the appellant.

### Conclusion—Barker Factors

■ In light of the unreasonably lengthy delay, the lack of any constitutionally justifiable reasons for the delay, and the prejudice suffered by the appellant as a result of his particularized anxiety or concern, our balancing of the four *Barker* factors leads us to conclude that the appellant was denied his due process right to speedy post-trial review and appeal.

Even if we had not found prejudice under *Barker*, we would have found the appellant's due process right to timely post-trial review and appeal was violated. In *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F.2006), our superior court held that "where there is no finding of *Barker* prejudice, we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362.

The post-trial processing delay in this case was clearly egregious and illustrates a complete disregard for the constitutional protections afforded to an accused during the post-trial process. Taking 793 days to complete new post-trial processing after this Court has remanded a case is definitely outrageous and cannot be tolerated. While we fully under-

stand and appreciate the demands placed on base legal offices, the appropriate attention must be given to ensure the timely processing of all cases, especially those cases which this Court has returned for further action.

### Relief for the Due Process Violation

■ "Where we find constitutional error, we grant relief unless this [C]ourt is convinced beyond a reasonable doubt that the constitutional error is harmless." *Id.* at 363. In cases involving claims that an appellant has been denied his due process right to speedy post-trial review and appeal, the appellate courts may look initially to whether the denial of due process, if any, is harmless beyond a reasonable doubt. *United States v. Rodriguez–Rivera*, 63 M.J. 372, 386 (C.A.A.F.2006). A similar analysis will be applied where, even though the denial of due process cannot be said to be harmless beyond a reasonable doubt, there is no reasonable, meaningful relief available. *Id.* Considering the totality of the circumstances in this case, including the serious nature of the offense committed, the convening authority's final approved findings and sentence wherein the finding of guilty of indecent assault was changed to a finding of guilty of an indecent act,[5] and the types of relief that may be appropriate, we find that no additional relief is appropriate or warranted in this case.

### Ambiguous Post–Trial Action

The appellant asserts that he is entitled to sentence relief or to a new post-trial Action because the convening authority's Action is ambiguous. The relevant portion of the promulgating order, dated 14 January 2008, states the action of the convening authority is the following:

> ... the action taken by my predecessor in command on 22 March 2004, is withdrawn and the following substituted therefore: The finding of guilty of the Specification of Charge II is changed to a finding of guilty of an indecent act upon Airman First Class

---

5. Although this Court does not know the specific reasons why the convening authority changed the finding of guilty of indecent assault to a finding of guilty of an indecent act, considering appellant's new defense counsel placed great weight on the length of the delay and the impact it had on the appellant in seeking clemency, the convening authority's decision was likely based, in part, on the impact of the delay.

[SH] by wrongfully touching her in violation of Article 134.

However, the Action originally submitted in the record of trial does not include the language changing the finding of guilty of indecent assault to guilty of the lesser included offense of an indecent act.

On 20 August 2008, the government submitted a declaration from the Kirtland AFB SJA stating that at the time the convening authority took action, he was presented with two proposed Actions, one which granted clemency and one which did not. The convening authority erroneously signed both Actions, but intended to grant clemency. The SJA states that the Action not granting clemency was inadvertently included in the record of trial. The government also provided a corrected Action, consistent with the language in the promulgating order, dated 14 January 2008.

We review post-trial processing issues de novo. *United States v. Bakcsi*, 64 M.J. 544, 544 (A.F.Ct.Crim.App.2006). Although we are convinced that the convening authority intended to grant clemency in this case and that the incorrect Action was inadvertently placed in the record of trial, we need not decide this alleged ambiguity. Instead, we utilize our broad authority under Article 66(c), UCMJ, basing our determination on the entire record. *See United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F.2002). Accordingly, the finding of guilty of indecent assault under the Specification of Charge II is changed to a finding of guilty of an indecent act upon A1C SH by wrongfully touching her in violation of Article 134, UCMJ.

In light of our decision to modify the findings, we must reassess the sentence. Upon reassessment, we are convinced beyond a reasonable doubt that if the appellant had been sentenced by the military judge for indecent acts in violation of Article 134, UCMJ, the sentence would be no less than the sentence currently before the Court. Furthermore, upon considering the serious nature of the offense committed, we find the approved sentence of a bad-conduct discharge, confinement for 15 months, and reduction to E–1, is appropriate and should be approved.

*Conclusion*

The findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings, as modified, and the sentence, as reassessed, are

AFFIRMED.