# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Wilson MEDINA
### Gunner's Mate First Class (E-6), U.S. Coast Guard

## CGCMG 0261

## Docket No. 1325

## 24 September 2010

General Court-Martial convened by Commander, Maintenance and Logistics Command, Atlantic. Tried at Norfolk, Virginia, on 11 March 2009.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LT Kismet R. Wunder, USCGR |
| Assistant Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Defense Counsel: | LT Stuart Kirkby, JAGC, USN |
| Appellate Defense Counsel: | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |
| | LT Herbert C. Pell, USCGR |

## BEFORE
## McCLELLAND, LODGE & KENNEY
### Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice (UCMJ); and one specification of assault consummated by battery, in violation of Article 128, UCMJ. The military judge sentenced Appellant to confinement for thirteen months, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement did not affect the sentence.

Before this Court, Appellant asserts that this Court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c). We do so, and grant some sentence relief.

**Post-trial delay**

Appellant urges us to grant meaningful relief by setting aside the bad conduct discharge or the entire sentence, on account of unreasonable post-trial delay.

Processing of the record of trial (record or ROT) took place according to the following chronology. This chronology is taken from the memorandum dated 10 September 2009 forwarding the record to Coast Guard Headquarters (CGHQ)[1] and from the ancillary documents attached to the record.

| Date | Action | Days elapsed |
|---|---|---|
| 11 Mar 09 | Sentence adjudged | 0 |
| 30 Apr 09 | ROT received by trial counsel from transcriptionist | 50 |
| 18 Jun 09 | ROT sent to military judge | 99 |
| 02 Jul 09 | ROT authenticated by military judge | 113 |
| 08 Jul 09 | Authenticated ROT received by trial counsel | 119 |
| 16 Jul 09 | Staff Judge Advocate's Recommendation (SJAR) | 127 |
| 16 Jul 09 | SJAR sent to defense counsel | 127 |
| 27 Jul 09 | Defense requests extension to submit clemency materials | 138 |
| 30 Jul 09 | Clemency materials received from Defense | 141 |
| 31 Jul 09 | SJAR addendum | 142 |
| 14 Aug 09 | Convening Authority acknowledges clemency materials | 156 |
| 25 Aug 09 | Convening Authority action | 167 |
| 10 Sep 09 | Memorandum forwarding ROT to CGHQ | 183 |

According to an affidavit supplied by the Government, the record was received at Headquarters on 21 September 2009. Counsel avers that after arrival in Headquarters, the record

---

[1] The Coast Guard Military Justice Manual requires an accounting for post-trial delay where more than 120 days elapsed between the date sentence was adjudged and the date of Convening Authority action. Paragraph 5.F.4 of COMDTINST M5810.1D dated 17 August 2000.

was copied and scanned.[2]  The record was referred to this Court on 15 October 2009, fifty-one days after Convening Authority action.

Notable periods of post-trial processing are fifty days taken to transcribe the record (for a 218-page transcript), forty-four days between completion of transcription and transmission to the military judge for authentication, twenty-five days after the SJAR addendum before the Convening Authority acted, sixteen days between Convening Authority action and sending the record to Headquarters, and thirty-five days for the record to travel to Headquarters and be referred to this Court.  The Memorandum forwarding the record gives no meaningful explanation for these delays, attributing them only to "administrative processing."

The Court of Appeals for the Armed Forces applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action."  *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).  The "*Barker* four-factor analysis" comprises consideration of the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice."  *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Appellant claims a due process violation, and the delays in this case are sufficient to raise the presumption.  The length of the delays are forty-seven days beyond the 120-day period prescribed by *Moreno* for convening authority action, and twenty-one days beyond the 30-day period prescribed for referral to this Court.  Together, these delays amount to sixty-eight days beyond the *Moreno* standard, in contrast to the *Moreno* case itself, where the corresponding delays amounted to 416 days beyond the standard.  *See id.* at 136.  In this case the first *Barker* factor weighs against the Government, but only slightly.

---

[2] We are aware that records are scanned before referral to this Court, as the copies we receive consist of compact disks.

There are no persuasive reasons given for either delay. The second *Barker* factor weighs against the Government.

Appellant did not assert the right to timely review before the Convening Authority or after the Convening Authority's action. The third *Barker* factor does not weigh against the Government.

As to the fourth factor, *Moreno* identified three sub-factors: oppressive incarceration pending appeal, anxiety and concern, and impairment of ability to present a defense at a rehearing. *Moreno*, 63 M.J. at 139-41. Both the first and third sub-factors depend upon a successful appeal, which is not present in Appellant's case as no errors were assigned or discovered by this Court. Concerning anxiety and concern, to be cognizable, it must be "particularized anxiety and concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. Appellant claims that he suffered cognizable anxiety as evidenced by episodes of schizophrenia (hallucinations), problems sleeping, and tremors in his hands and legs.

Appellant's claim of prejudice is founded on his affidavit dated 17 December 2009 and medical records from the period of July to November 2009, which have been attached to the record pursuant to his motion. His clemency request sought reduction of the sentence to confinement from thirteen months to five months. According to his affidavit, he experienced high episodes of anxiety because of delays and the inaction of the government. He also states that he received no information concerning the Convening Authority's action, which was executed on 25 August 2009, until he heard from his appellate counsel on 21 October 2009. The medical records indicate that he was initially seen ("initially" presumably referring to care while in the confinement facility; he had been seeing a psychiatrist and was taking medications for anxiety and depression before trial (R. at 175-76; Defense Ex. E)) on 7 July 2009, 118 days after he was sentenced, and document variations in his psychiatric state as well as changes in medications through 13 November 2009.

By the *Moreno* standard, Appellant could expect the Convening Authority to act on his case by the 120-day mark. Given his clemency request for reduction of confinement to five months, favorable action by the Convening Authority might have resulted in release from confinement soon thereafter. One could infer from the fact that Appellant first sought medical attention just before the 120-day mark that his anxiety related to expectation of Convening Authority action, and that any increases in his symptoms were attributable to delay in Convening Authority action. However, since the Convening Authority ultimately did not reduce the confinement, it would be highly speculative to attribute all the anxiety to delay; possibly some anxiety would have persisted even if action had been timely, based on the simple fact of continued confinement.

In light of all the uncertainties in the reasons for Appellant's need of medical treatment for anxiety, it is not clear that Appellant's anxiety is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision. But it is certainly true that the reported cases do not reflect clinical treatment for anxiety for most prisoners. We will assume that Appellant's anxiety is, indeed, distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision; we will consider the fourth *Barker* factor as weighing against the Government, although not strongly.

At this point, "the four factors are balanced, with no single factor being required to find that post-trial delay constitutes a due process violation." *Moreno*, 63 M.J. at 136. The question is just what weight to give the four factors.[3]

In *United States v. Preciado*, 67 M.J. 559 (A.F.Ct.Crim.App. 2008), the requirement to register as a sex offender during the post-remand delay, at the end of which the offense requiring registration was set aside, was held to constitute prejudice which, in combination with the other factors, resulted in a due process violation. In that case, as in *Moreno* itself, "anxiety and concern" was not necessarily prejudice in itself, but became prejudice as a result of favorable action during the review process. Although we have found other military cases where

---

[3] "Balancing", in the context of *Moreno* and *Barker*, does not mean balancing the factors against each other, but instead means placing all of them in a balance and determining whether they weigh enough to amount to a due process violation.

psychiatric matters or other anxiety and concern were considered, *e.g. United States v. Lecomte*, 63 M.J. 501, 503 (C.G.Ct.Crim.App. 2005); *United States v. Arindain*, 65 M.J. 726, 734 (A.F.Ct.Crim.App. 2007); *United States v. Abdirahman*, 66 M.J. 668, 682 (N.M.Ct.Crim.App. 2008), they provide no guidance because in each case, the anxiety-and-concern argument was not sufficiently supported or developed.

One aid to our navigation of this issue is found in the federal courts. In *United States v. Dreyer*, 533 F.2d 112, 116 (3rd Cir. 1976), a defendant "experienced severe mental disturbance. She consulted a psychiatrist just after her arrest and was in intensive therapy for acute anxiety and depression until [nine months after indictment]. The psychiatrist's report indicates that, during this period, despite continued treatment she was unable to work." She relapsed when her case was scheduled for trial. Her psychiatrist opined that she had suffered "such pathological stress . . . over such a long time that she now has a deeply disturbed personality pattern." *Id.* This prejudice, combined with twenty-nine months of unjustified pretrial delay, led to a finding of violation of the right to speedy trial, using the *Barker* factors.

In our case, the delay is much shorter than that in *Dreyer*. The more subjective aspects of our case seem less compelling than in *Dreyer* as well; as previously noted, Appellant was already under psychiatric treatment, and we cannot be certain how much of his anxiety and concern should be attributed to delay, but surely only a part of it. Appellant has not established a strong prejudice factor. Upon balancing the factors in this case, we find no due process violation. The factors weighing against the Government are not substantial enough to warrant a finding of a due process violation. No relief is owed to Appellant on this account.

We turn now to Appellant's argument that we should grant sentence relief under *United States v. Tardif*, which held that we may grant relief for excessive post-trial delay without a showing of prejudice. 57 M.J. 219, 224 (C.A.A.F. 2002). Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.* We have

granted such relief in two unpublished cases[4] in recent months, and before that in *United States v. Greene*, 64 M.J. 625 (C.G.Ct.Crim.App. 2007) and *United States v. Lind*, 64 M.J. 611 (C.G.Ct.Crim.App. 2007).[5]

The delay in Convening Authority action was nearly the same in this case as in *Greene*, even though in this case the Government was on notice of the *Moreno* standards. Moreover, the delay in this case was completely unexplained. As for the delay in referral to this Court, the Government notes certain components of the delay – eleven days in transit, twenty-four days for copying and scanning – with the implication that they are inherently reasonable. Arguably that implication is untenable after *Moreno*. In any event, we reject it. We find the delays in both stages of this case unreasonable. We will consider them when conducting our sentence appropriateness review under Article 66, UCMJ. It should be noted that we believe even if post-trial delay amounted to a due process violation, no more relief would be due in this case than what we are providing on account of unreasonable delay.

In considering any relief to be granted, we do not ignore the fact that the Convening Authority's action deferred automatic forfeitures of pay and allowances that would otherwise arise by operation of Article 58b, UCMJ, until the date of the action, and thereafter waived them for six months, provided an allotment in the name of Appellant's wife was established. This had the effect of allowing Appellant's wife to be paid longer than she would have been if action had been taken sooner, which can be considered a benefit to Appellant. *See United States v. Lecomte*, 63 M.J. 501 (C.G.Ct.Crim.App. 2005). Appellant's clemency request was based in part on his family's financial burden, so this point is a legitimate consideration. However, counsel alleges that Appellant was released from confinement on 12 December 2009. (Assignment of Errors and Brief at 8, fn. 3.) His pretrial agreement included his request to be placed on appellate leave. Hence it appears likely that if action had been taken on 9 July 2009 (120 days after sentencing), the waiver of forfeitures would have extended well into his appellate leave period, and thus there would have been little or no financial benefit (depending on how much

---

[4] *United States v. Beaber*, No. 1319 (C.G.Ct.Crim.App. 15 April 2010) (unpub.); *United States v. Sapp*, No. 1318 (C.G.Ct.Crim.App. 7 June 2010) (unpub.).
[5] In *Lind*, relief was granted for another reason (defense counsel's post-trial deficiency) as well as for post-trial delay.

earned leave he had on the books and how he was compensated for it) from the delay in the action. Accordingly, we do not believe Appellant can be said to have benefitted from the delay.

We will disapprove two months of confinement and reduction of one paygrade, leaving a sentence of confinement for eleven months, reduction to E-2, and a bad-conduct discharge. We urge trial counsels, staff judge advocates and convening authorities to take post-trial timeliness seriously, as they appear not to have done in this case.

## Deficient findings

We note that when findings were announced, there were no findings as to the sole specifications under each charge. A guilty finding was announced as to each charge. (R. at 108.)

Article 53, UCMJ requires announcement of findings; Rule for Courts-Martial 922, Manual for Courts-Martial, United States (2008 ed.) requires that the announcement take place in the presence of all parties. It is understood that this is to be done in open court. In this case, the military judge failed to make the required announcement. However, where the accused pleads guilty, the plea is equivalent to conviction, once it is determined to be providently made. There is no prejudice to an accused from the failure to enter a finding to a specification to which the accused has pleaded guilty, especially where it is the sole specification under the charge. *United States v. Naputi*, 68 M.J. 538, 539 (C.G.Ct.Crim.App. 2009), citing *United States v. Barnes*, 50 C.M.R. 625, 629 (N.C.M.R. 1975), and *United States v. Brumbaugh*, 26 C.M.R. 649 (A.B.R. 1958). Appellant suffered no prejudice from the failure to announce findings on the specifications. Nevertheless, we urge military judges and trial counsels to ensure that complete findings are announced in all cases.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of

unreasonable post-trial delay, only so much of the sentence as provides for confinement for eleven months, reduction to E-2, and a bad-conduct discharge is affirmed.

Judges LODGE & KENNEY concur.



For the Court,

Gail M. Reese
Clerk of the Court