# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Ty-Juan S. GREENE,
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24289

## Docket No. 1226

## 28 February 2007

Special Court-Martial convened by Commander, U.S. Coast Guard Group Moriches.  Tried at Montauk, New York, on 3-4 June 2004.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Defense Counsel: | LT James H. Kirby, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

## BEFORE
## PANEL EIGHT
## McCLELLAND, FELICETTI, & TUCHER
### Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  four specifications of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice (UCMJ); six specifications of making a false official statement with the intent to deceive and one specification of signing a false official record with intent to deceive, in violation of Article 107, UCMJ; and one specification of failing to obey a lawful order, in violation of Article 92, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for 180 days, and reduction to E-1.  The Convening Authority approved the sentence as adjudged but, in accordance with the pretrial agreement, suspended the portion of the sentence extending to confinement in excess of four months for twelve months from the date the sentence was awarded.

Before this Court, Appellant has assigned three errors:

I.  That this Court can have no confidence that the record is substantially verbatim because demonstrated significant omissions from the transcript call into question the accuracy and completeness of the record.

II.  That this Court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved.

III.  That trial defense counsel entered an irregular plea by pleading only to Charge IV and not the specification thereunder.

We grant sentence relief on the second issue, and otherwise affirm.

**Substantially Verbatim Record**

Appellant points out that the military judge made at least ten edits to the transcript involving insertion of omitted material in which the omitted material was a part of the trial guide script where the military judge explains rights to the accused.  Appellant casts doubt on whether the military judge actually read these parts of the script, admitting that he probably did, but "this Court cannot really be sure."  (Appellant Br. 8.)  He also asserts, "We only know about the omissions because we have the trial script to compare the record to.  But there was significant unscripted discussion on that first day" (Appellant Br. 8), and "there is no way to know what was omitted from that discussion because there is nothing to compare the record to" (Appellant Br. 9).

The trial extended over two days, with different court reporters on the different days.  The transcript giving rise to this assignment of error is from the first day, which covered the beginning of the trial, pleas, the providence inquiry on the first two specifications under Charge I, and part of the providence inquiry on the third specification under Charge I.  Most of the material the military judge inserted to which Appellant calls attention consists of full phrases, full sentences, or even, in two cases, multiple sentences.  The military judge did make a few insertions of unscripted material, each of which consisted of a word or two.

Appellant points out that proceedings are required to be substantially verbatim, citing Article 54(a), UCMJ[1]; *United States v. Douglas*, 1 M.J. 354 (C.M.A. 1976)[2]; *United States v. Webb*, 23

---

[1] Article 54(a) provides in pertinent part, "Each general court-martial shall keep a separate record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge."  Article 54(c)

USCMA 333, 49 C.M.R. 667 (1975)[3]; *United States v. Boxdale*, 22 USCMA 414, 47 C.M.R. 351 (1973)[4]; *United States v. Nelson*, 3 USCMA 482, 13 C.M.R. 38 (1953)[5]; *United States v. Weber*, 20 USCMA 82, 42 C.M.R. 274 (1970)[6]; and *United States v. Sturdivant*, 1 M.J. 256 (C.M.A. 1976)[7].

The authentication of the record imports verity. *United States v. Galloway*, 2 USCMA 433, 435, 9 C.M.R. 63, 66 (1953). "In the absence of any allegation of fraud, . . . we accept [the record of trial] as an accurate recordation of the occurrence at the trial." *United States v. Albright*, 9 USCMA 628, 632, 26 C.M.R. 408, 412 (1958). To the extent that the authenticated record of trial shows itself to be verbatim, it is accepted as verbatim in the absence of fraud.

However, if the record itself shows that it is not verbatim, this fact may have consequences. In the cases cited by Appellant, it was acknowledged that the record was not literally verbatim. In most of them, the record did not even purport to be verbatim. In *United States v. Weber*, the record detailed the efforts put forth to reconstruct an accurate record, and there was an assertion by the Staff Judge Advocate (SJA) that the record was substantially verbatim, but the Court of Military Appeals said, "While the authentication of the record imports verity, such in this case is rebutted conclusively by the conceded facts. Thus, all apparently agreed that the recording equipment malfunctioned, and it was not possible to transcribe the record." 20 USCMA at 83, 42 C.M.R. at 275.

In our case, by contrast, there is nothing in the record to rebut the fact of authentication, and we see no apparent material omissions. The military judge corrected several omissions by the court reporter. Appellant has not identified any specific omission in the authenticated record, but would have us infer additional unspecified and unknown omissions based upon the fact that the military judge found omissions to correct. This we decline to do. *See United States v. Skinner*, 17 M.J. 1042, 1043 (C.G.C.M.R. 1984). We find no reason to consider the record anything other than

---

requires a "complete record of the proceedings and testimony" in, among others, each special court-martial case in which the sentence adjudged includes a bad-conduct discharge.

[2]Using a summary of former testimony rendered the record nonverbatim.

[3] Reconstruction of a substantial portion of the trial rendered the record nonverbatim.

[4] Reconstruction of five witnesses' testimony because four magnetic tapes were erased before they were transcribed rendered the record nonverbatim.

[5] Several instances of "inaudible" in the record did not render the record nonverbatim.

[6] Reconstruction of a substantial portion of the proceedings because recording equipment malfunctioned rendered the record nonverbatim.

verbatim. *See United States v. Donati*, 14 USCMA 235, 242, 34 C.M.R. 15, 22 (1963). This assignment of error is rejected.

**Unreasonable Post-Trial Delay**

Appellant points out that the Convening Authority did not take action until 173 days after sentence was adjudged. The record was not received by the Judge Advocate General until 201 days after sentence was adjudged. Appellant asserts that this delay was unreasonable and unexplained, warranting relief.

An accused has a right to a timely review of his court-martial findings and sentence independent of any request for diligent post-trial processing. *United States v. Walters*, 61 M.J. 637, 638-39 (C.G.Ct.Crim.App. 2005) and cases cited therein. Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances reflected in the record, in exercising its responsibilities under Article 66(c), UCMJ. *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

The SJA's accounting of post-trial processing[8], in his memorandum dated 15 December 2004 forwarding the record of trial, explained significant periods of delay. Transcripts from the court reporters took twenty days, after which trial counsel took thirty-six days to review and correct the record while, during the same period, preparing for and trying two other courts-martial. The SJA attributed fifty-eight days between the Convening Authority's receipt of the SJA's R.C.M. 1106 recommendation and the Convening Authority's Action to "poor case tracking" and "a very heavy operational workload". We note, too, the passage of thirty-six days between trial counsel's receipt of the authenticated record of trial and completion of the SJA's R.C.M. 1106 recommendation, which is not discussed in the SJA's accounting.

We acknowledged in *United States v. Lind*, No. 1228, 2007 WL 266411 (C.G.Ct.Crim.App. January 31, 2007), the increased responsibilities of Coast Guard judge advocates in recent years, but we also pointed out that "military justice responsibilities cannot be temporarily placed aside while

---

[7] An unrecorded bench conference concerning challenges of court members rendered the record nonverbatim.
[8] The Coast Guard Military Justice Manual requires such an accounting. Chapter 5 § F.4 of COMDTINST M5810.D, Military Justice Manual, dated 17 August 2000.

other important matters are addressed." *Id.* at 6.[9] Institutional diligence is required; honest mistakes, administrative problems, and chronic understaffing may reflect a lack of the required diligence. *United States v. Holbrook*, 64 M.J. 553, 557 (C.G.Ct.Crim.App. 2007). Here, there is no single extreme period of apparent inactivity as in some of our recent cases,[10] but three time periods of more than a month between steps of the post-trial process, one of them unexplained and another admittedly attributable in part to poor management, as well as twenty-eight days after Convening Authority Action to merely copy the record and send it to the Judge Advocate General, lead us to find a clear lack of institutional diligence resulting in unreasonable post-trial delay in this case.[11] We will consider it when exercising our sentence appropriateness review under Article 66, UCMJ.

## Failure to Plead to a Specification

Appellant notes that trial defense counsel, who entered the pleas on behalf of Appellant, never entered a plea to the single specification under Charge IV, and "submits this matter to the court for consideration and corrective action as deemed appropriate." (Appellant Br. 15.)

It is true that when the plea of guilty was entered to Charge IV, the specification thereunder went unmentioned. (R$_1$.[12] at 59.) During the providence inquiry that followed, the military judge carefully set out the elements of the offense according to the specification, and Appellant described the facts of the offense and agreed that each of the elements was true. (R$_2$.[13] at 129-42.) Ultimately, the military judge entered findings of guilty to the charge and specification. (R$_2$. at 187.) The record is entirely consistent with an intention on Appellant's part to plead guilty to both the specification and the charge; nothing in the record contradicts such an intention. We can only conclude that failure to plead guilty to the specification was inadvertent, a technical oversight.

---

[9] Indeed, military justice responsibilities cannot be put aside even for other military justice responsibilities.

[10] *United States v. Walters*, 61 M.J. 637 (C.G.Ct.Crim.App. 2005) (record of trial spent 139 days with trial counsel before authentication); *United States v. Gonzalez*, 61 M.J. 633 (C.G.Ct.Crim.App. 2005) (record of trial was "misplaced" for 137 days after authentication); *United States v. Denaro*, 62 M.J. 663 (C.G.Ct.Crim.App. 2006) (146 days to authenticate record of trial); *United States v. Holbrook*, 64 M.J. 553 (C.G.Ct.Crim.App. 2007) (119 days to authenticate record of trial).

[11] This case was tried three days before United State*s* v. Lind; post-trial processing of both cases took place in the same SJA office.

[12] R$_1$ refers to the transcript from 3 June 2004.

[13] R$_2$ refers to the transcript from 4 June 2004.

Rule for Courts-Martial 910(b), Manual for Courts-Martial, United States (2005 ed.)[14], provides that if an accused fails to plead, the military judge shall enter a plea of not guilty. Assuming a not-guilty plea to the specification at issue, the providence inquiry, during which Appellant was sworn ($R_1$. at 68; $R_2$. at 24) and testified under oath, provided ample evidence in the form of Appellant's testimony to prove the specification.

We cannot discern any possible prejudice based on the entry of a finding of guilt of the specification after the absence of a plea to it. No relief is warranted.[15] Nevertheless, we urge military judges to insist on complete pleas in all cases. If proper and unambiguous pleas are not forthcoming, pleas of not guilty should be entered in accordance with R.C.M. 910(b).

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, we have determined that only so much of the sentence as provides for a bad-conduct discharge, confinement for 180 days (partially suspended by the Convening Authority), and reduction to E-2 should be approved. Accordingly, the sentence of a bad-conduct discharge, confinement for 180 days, and reduction to E-2 is affirmed.



For the Court,

Jane R. Lim
Clerk of the Court

---

[14] The 2002 edition of the Manual for Courts-Martial was in effect at the time of the offenses resulting in the charges. However, the versions of the relevant provision in both the 2002 and 2005 editions are identical.

[15] We have found no case in which a different result was reached, and one in which the Navy-Marine Corps Court of Criminal Appeals reached the same result. *United States v. Williams*, 47 M.J. 593 (N.M.Ct.Crim.App. 1997).