CORRECTED
# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
Washington, D.C.

## UNITED STATES

v.

**Adam R. BEABER**
Fireman (E-3), U.S. Coast Guard

**CGCMS 24416**

**Docket No.  1319**

**15 April 2010**

Special Court-Martial convened by Commanding Officer, Training Center Yorktown.  Tried at Yorktown, Virginia, on 11 August 2008.

| | |
|---|---|
| Military Judge: | CDR Andrew J. Norris, USCG |
| Trial Counsel: | LT Neal J. Lawson, USCGR |
| Military Defense Counsel: | LT Steven R. Obert, JAGC, USN |
| Appellate Defense Counsel: | LCDR Rachael B. Bralliar, USCGR |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |

**BEFORE**
**McCLELLAND, McTAGUE & CHANEY**
Appellate Military Judges

CHANEY, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of attempted larceny, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of conspiracy to commit larceny, in violation of Article 81, UCMJ; two specifications of failing to go to an appointed place of duty, in violation of Article 86, UCMJ; and one specification of making a false official statement, in violation of Article 107, UCMJ.  The Military Judge sentenced Appellant to confinement for fifty-nine days, reduction to E-1, and a bad-conduct discharge.  Pursuant to the pretrial agreement, the Convening Authority

approved the sentence, but suspended the punitive discharge and confinement in excess of fifty days for six months.

Before this court, Appellant assigned the following error: the court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c). We grant relief as requested by Appellant.

We note that the specification of Additional Charge I under Article 86, UCMJ lacks the words "without authority." The specification is legally insufficient. However, where the issue was not raised at trial, Appellant pleaded guilty to the specification, the elements were correctly explained to him including the element of "without authority," and he satisfactorily completed a providence inquiry, we will not set aside the conviction. *See United States v. Watkins*, 21 M.J. 208 (C.M.A. 1986).[1]

## Post–trial Delay

Appellant urges us to reassess the sentence and set aside the bad-conduct discharge because of the unreasonable delays in post-trial processing.

The original sentence was confinement for fifty-nine days, reduction to E-1, and a bad-conduct discharge. Appellant received credit for forty-five days of pretrial confinement and fourteen more days for pretrial punishment. (R. at 99, 162-63). In accordance with the pretrial agreement, the Convening Authority's action approved the Military Judge's sentence and suspended the portion of the sentence extending to the punitive discharge and confinement in excess of fifty days for six months from the date of the Convening Authority's action, at which time, unless the suspension was sooner vacated, the suspended part of the sentence was to be remitted without further action.

Processing of the record of trial (record or ROT) took place according to the following chronology. This chronology is taken from the memorandum dated 20 February 2009

---

[1] Even if we set this Article 86 charge aside, we are certain that the Military Judge would have adjudged the same sentence without it.

forwarding the record to Coast Guard Headquarters (CGHQ)[2] and from the ancillary documents attached to the record.

| Date | Action | Days elapsed |
|------|--------|--------------|
| 11 Aug 08 | Sentence adjudged | 0 |
| 27 Aug 08 | ROT received by Trial Counsel (TC) from transcriptionist | 17 |
| 27 Aug 08 | ROT review by TC | 17 |
| 27 Aug 08 | ROT sent to Military Judge (MJ) | 17 |
| 27 Aug 08 | ROT sent to Defense Counsel (DC) | 17 |
| 31 Oct 08 | ROT authenticated by MJ | 82 |
| 11 Nov 08 | TC received authenticated ROT from MJ | 93 |
| 07 Jan 09 | Staff Judge Advocate (SJA) received authenticated ROT from TC | 150 |
| 22 Jan 09 | Staff Judge Advocate's Recommendation (SJAR) and Authenticated ROT forwarded to DC via email | 165 |
| 29 Jan 09 | TC notified of DC intent not to submit clemency matters | 172 |
| 17 Feb 09 | Convening Authority action | 191 |
| 20 Feb 09 | Memorandum forwarding ROT to CGHQ | 194 |

The record was referred to this Court on 5 May 2009, seventy-seven days after Convening Authority action.

Notable delays in post-trial processing are found in the sixty-five days taken by the Military Judge to authenticate the record and the seventy-two days taken after receipt of the authenticated record to produce the SJAR and send it to Defense Counsel. The Memorandum dated 20 February 2009 forwarding the record to Coast Guard Headquarters gives no meaningful explanation for these delays, attributing them to "administrative processing."[3]

The Court of Appeals for the Armed Forces applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is

---

[2] The Coast Guard Military Justice Manual requires an accounting for post-trial delay where more than 120 days elapsed between the date sentence was adjudged and the date of Convening Authority action. Paragraph 5.F.4 of COMDTINST M5810.1D dated 17 August 2000.

[3] The Government avers in its Answer and Brief that the record was received at Headquarters on 3 March 2009, and further avers, without evidentiary support, that delay in referral was caused by receipt at Headquarters of three other records of trial, one of them having approximately 1,500 pages, for Article 66, UCMJ review "in the weeks surrounding the receipt of Appellant's record of trial."

not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Barker* four-factor analysis comprises consideration of the following factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

In this case, the length of the delay is seventy-one days beyond the 120-day period prescribed by *Moreno* for convening authority action, and forty-seven days beyond the thirty-day period prescribed for referral to this Court. The former is not so lengthy as to weigh strongly against the Government. The latter is proportionally more serious; the total period exceeds the *Moreno* standard by at least 150 percent. Still, this link between the two important stages of convening authority action and commencement of appellate review is relatively insignificant in itself. In this case, the first factor does not weigh strongly against the Government.

There are no persuasive reasons given for either delay. The second factor weighs against the Government.

Appellant did not assert the right to timely review before the Convening Authority or after the Convening Authority took action. This factor does not weigh against the Government.

As to the fourth factor, Appellant does not assert any prejudice, and it is not apparent what prejudice might have resulted from the delay in the Convening Authority's action. No prejudice is asserted from the delay in referral to this Court, and it is difficult to imagine any prejudice. This factor does not weigh against the Government.

Although "no single factor [is] required to find that post-trial delay constitutes a due process violation," *Moreno* at 136, in the absence of prejudice the other factors must be weighty indeed against the Government to warrant a due process violation finding, the delay being "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 361-62 (C.A.A.F.

2006). The convening authority's action in *Toohey* took place 644 days after the date of sentence, and the Court of Criminal Appeals issued its decision 2240 days (more than six years) after the date of sentence. By contrast, the delay in our case is not egregious. In the absence of prejudice, we find no due process violation.

We turn now to Appellant's argument that we should grant sentence relief under *United States v. Tardif*, which held that we may grant relief for excessive post-trial delay without a showing of prejudice. 57 M.J. 219, 224 (C.A.A.F. 2002). Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.* We have granted such relief in several cases, most recently in *United States v. Greene*, 64 M.J. 625 (C.G.Ct.Crim.App. 2007).

The delay in Convening Authority action was over two weeks longer in this case than in *Greene*, even though in this case the Government was on notice of the *Moreno* standards. Moreover, the delay in this case was completely unexplained. As in *Greene*, we find a clear lack of institutional diligence and unreasonable post-trial delay, and we will consider it when conducting our sentence appropriateness review under Article 66, UCMJ.

We note the Government's motion to attach "Direct Access Personal Information and Discharge Orders for FN Adam Beaber." The motion is denied, as the meaning and significance of the two pages proffered are not clear, in the absence of an affidavit or manual explaining them.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, only so much of the sentence as provides for confinement for fifty-

nine days (with confinement in excess of fifty days suspended by the Convening Authority) and reduction to E-1 is affirmed.

Chief Judge McCLELLAND and Judge McTAGUE concur.



For the Court,

Amber K. Riffe
Deputy Clerk of the Court