# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Lionel F. SAPP
### Fireman (E-3), U.S. Coast Guard

## CGCMS 24415

## Docket No.  1318

## 7 June 2010

Special Court-Martial convened by Commanding Officer, Training Center Yorktown.  Tried at Yorktown, Virginia, on 24 July 2008.

| | |
|---|---|
| Military Judge: | CDR Sean P. Gill, USCG |
| Trial Counsel: | LT Neal J. Lawson, USCGR |
| Military Defense Counsel: | LTJG E. Ashleigh Schuller, JAGC, USNR |
| Appellate Defense Counsel: | CDR Necia L. Chambliss, USCGR |
| | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |
| | CDR Stephen P. McCleary, USCG |

## BEFORE
### McCLELLAND, KENNEY & TOUSLEY
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of attempted larceny, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of conspiring to commit larceny, in violation of Article 81, UCMJ; one specification of unauthorized absence, in violation of Article 86, UCMJ; one specification of larceny, in violation of Article 121, UCMJ; one specification of housebreaking, in violation of Article 130, UCMJ; and one specification of obstruction of justice, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for ninety days, reduction to E-

1, and a bad-conduct discharge.  The Convening Authority approved the sentence, and suspended for six months the bad-conduct discharge, reduction below E-2, and confinement in excess of fifty days, pursuant to the pretrial agreement. [1]

Before this court, Appellant has assigned two errors: (1) This court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c); and (2) the promulgating order contains three errors.  We grant sentence relief for post-trial delay and otherwise affirm.

### Post-trial Delay

Appellant urges us to disapprove all confinement because of the unreasonable delays in post-trial processing.

The original sentence was confinement for ninety days, reduction to E-1, and a bad-conduct discharge.  Appellant was due credit for twenty-two days of pretrial confinement.  (R. at 170.)  In accordance with the pretrial agreement, the Convening Authority's action approved the military judge's sentence and suspended the portion of the sentence extending to the punitive discharge, reduction in pay grade below E-2, and confinement in excess of fifty days for six months from the date of the Convening Authority's action, at which time, unless the suspension was sooner vacated, the suspended part of the sentence was to be remitted without further action.

Processing of the record of trial (record or ROT) took place according to the following chronology.  This chronology is taken from the memorandum dated 20 February 2009 forwarding the record to Coast Guard Headquarters (CGHQ)[2] and from the ancillary documents attached to the record.

---

[1] The promulgating order states that the confinement portion of the sentence was for 59 days, suggesting that the Convening Authority approved only fifty-nine days of confinement.  In view of the suspension, the discrepancy is moot.

[2] The Coast Guard Military Justice Manual requires an accounting for post-trial delay where more than 120 days elapsed between the date sentence was adjudged and the date of Convening Authority action.  Paragraph 5.F.4 of COMDTINST M5810.1D dated 17 August 2000.

| Date | Action | Days elapsed |
|------|--------|--------------|
| 24 Jul 08 | Sentence adjudged | 0 |
| 14 Aug 08 | ROT received by trial counsel from transcriptionist | 21 |
| 20 Aug 08 | ROT sent to military judge | 27 |
| 18 Oct 08 | ROT authenticated by military judge | 86 |
| 21 Oct 08 | Authenticated ROT received by trial counsel | 89 |
| 20 Nov 08 | Appellant asserts right to speedy review | 119 |
| 24 Nov 08 | Staff Judge Advocate's Recommendation (SJAR) | 123 |
| 5 Jan 09 | Appellant asserts right to speedy review | 165 |
| 6 Jan 09 | SJAR and authenticated ROT sent to defense counsel | 166 |
| 14 Jan 09 | Clemency matters received by trial counsel | 174 |
| 23 Jan 09 | Convening Authority action | 183 |
| 20 Feb 09 | Memorandum forwarding ROT to CGHQ | 211 |

The record was referred to this Court on 30 April 2009, ninety-seven days after Convening Authority action.

Notable delays in post-trial processing are found in the fifty-nine days apparently taken by the military judge to authenticate the record, the seventy-seven days taken after receipt of the authenticated record to produce the SJAR and send it to defense counsel, and the twenty-eight days between Convening Authority action and sending the record to Headquarters. The Memorandum forwarding the record gives no meaningful explanation for these delays, attributing them only to "administrative processing."[3]

The Court of Appeals for the Armed Forces applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The "*Barker* four-factor analysis" comprises consideration of the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4)

---

[3] The Government avers in its Answer and Brief that the record was received at Headquarters on 3 March 2009, and further avers, without evidentiary support, that delay in referral was caused by receipt at Headquarters of three other records of trial, one of them having approximately 1,500 pages, for Article 66, UCMJ review "in the weeks surrounding the receipt of Appellant's record of trial."

prejudice." *Moreno*, 63 M.J. at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Appellant does not claim a due process violation, but we deem it appropriate to address the issue in light of the delays in this case, which are sufficient to raise the presumption.

In this case, the length of the delay is sixty-three days beyond the 120-day period prescribed by Moreno for convening authority action, and sixty-seven days beyond the thirty-day period prescribed for referral to this Court. The former is not so lengthy as to weigh strongly against the Government. The latter is proportionally more serious; the total period exceeds the *Moreno* standard by more than 200 percent. Still, this link between the two important stages of convening authority action and commencement of appellate review is relatively insignificant in itself. In this case the first factor does not weigh strongly against the Government.

There are no persuasive reasons given for either delay. The second factor weighs against the Government.

Appellant did assert the right to timely review twice before the Convening Authority. On both occasions, the Government took its next step within three days of Appellant's assertion of right. The appearance is that Convening Authority action might have occurred far later but for Appellant's reminders to the Government. The third factor certainly weighs against the Government as to the time period preceding Convening Authority action. No further assertion of right to timely review has been made after the Convening Authority took action.

As to the fourth factor, Appellant does not assert any prejudice and it is not apparent what prejudice might have resulted from the delay in the Convening Authority's action. No prejudice is asserted from the delay in referral to this Court, and it is difficult to imagine any prejudice unless prejudice ensues during or because of the time ultimately taken to render our decision – an imponderable at this point. This factor weighs in favor of the Government.

Although "no single factor [is] required to find that post-trial delay constitutes a due process violation," *id.* at 136, in the absence of prejudice the other factors must be weighty indeed against the Government to warrant a due process violation finding, the delay being "so

egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 361-62 (C.A.A.F. 2006). The convening authority's action in *Toohey* took place 644 days after the date of sentence, and the Court of Criminal Appeals issued its decision 2240 days (more than six years) after the date of sentence. By contrast, the delay in our case is not egregious. In the absence of prejudice, we find no due process violation.

We turn now to Appellant's argument: that we should grant sentence relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), which held that we may grant relief for excessive post-trial delay without a showing of prejudice. *Id.* at 224. Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.* We have granted such relief in several cases, most recently in *United States v. Beaber* (C.G.Ct.Crim.App. 15 April 2010) (unpub.), and before that in *United States v. Greene*, 64 M.J. 625 (C.G.Ct.Crim.App. 2007).

The delay in Convening Authority action was a week longer in this case than in *Greene*, even though in this case the Government was on notice of the *Moreno* standards. Moreover, the delay in this case was completely unexplained and occurred despite Appellant's assertion of the right to timely review. As in *Greene*, we find a clear lack of institutional diligence and unreasonable post-trial delay. As in *Greene*, we will consider it when conducting our sentence appropriateness review under Article 66, UCMJ.

We note the Government's motion to attach "print-outs of the Direct Access Personal Information and Discharge Order screens for FN Lionel Sapp documenting Appellant's administrative discharge from the Coast Guard." The motion is denied, as the meaning and significance of the two pages proffered are not clear, in the absence of an affidavit or manual explaining them.

**Promulgating Order**

Appellant, in his second assignment of error, cites three inaccuracies in the promulgating order. First, the Order incorrectly stated that Appellant was sentenced to fifty-nine days of confinement, rather than ninety. Second, the Order notes the date of the sentence as 11 August 2008, when the sentence was actually adjudged on 24 July 2008. Finally, under Charge II, the Order states that Appellant was found guilty of conspiring with Seaman Carlos Martinez and Fireman Lionel Sapp (himself), when Appellant was actually charged with and found guilty of conspiring with Seaman Carlos Martinez and Fireman Adam Beaber. The Government concedes Appellant's stated errors, while arguing that the errors were simply clerical in nature, and as such Appellant suffered no material prejudice.

In addition to the inaccuracies Appellant correctly identifies,[4] there are several other errors in the promulgating order. The dates are misstated in the specification of Charge III and in Specification 3 of Charge IV. Also, the dollar value is misstated in Charge IV, Specification 3. Under Charge V, a name is misspelled. Finally, the Convening Authority's action is not accurately reproduced in the promulgating order.

None of these inaccuracies has any significant effect. We find no prejudice, and therefore grant no relief. However, the promulgating order must be corrected.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, only so much of the sentence as provides for a bad-conduct discharge, reduction to E-1, and confinement for twenty days is affirmed. (The bad-conduct discharge and reduction below E-2 were suspended by the Convening Authority.) The record of trial shall be returned to the Convening Authority, who shall issue a new promulgating order free of errors.

---

[4] As previously noted, the statement of fifty-nine days of confinement instead of ninety days of confinement might represent approval of only fifty-nine days, rather than a mere inaccuracy. In either event, it was a poor rendering.



For the Court,


Amber K. Riffe
Deputy Clerk of the Court