# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Zandra L. MATAKO,
### Operations Specialist First Class (E-6), U.S. Coast Guard

## CGCMS 24454

## Docket No. 1345

## 20 March 2012

Special Court-Martial convened by Commanding Officer, Coast Guard Recruiting Command. Tried at Arlington, Virginia, on 1 October 2010.

| | |
|---|---|
| Military Judge: | CDR Christine N. Cutter, USCG |
| Trial Counsel: | LCDR E.D. Masson, USCG |
| Defense Counsel: | LT Andrew S. Clayton, JAGC, USN |
| Assistant Defense Counsel: | LT Patrick J. Korody, JAGC, USN |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |
| | LT Kate J. Grossman, USCGR |
| Appellate Government Counsel: | CAPT Sandra K. Selman, USCG |

### BEFORE
### McCLELLAND, McGUIRE & DUIGNAN
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to her pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of failure to obey an order or regulation, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of wrongful appropriation, in violation of Article 121, UCMJ; and one specification of forgery, in violation of Article 123, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge and reduction to E-3. The Convening Authority approved the sentence as adjudged, and, in accordance with the pretrial agreement, suspended the bad-conduct discharge.

Before this Court, Appellant asserts that this Court should consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c). We do so, and we grant some relief.

**Facts**

The original sentence was reduction to E-3 and a bad-conduct discharge. The Convening Authority approved the sentence and suspended the bad-conduct discharge.

Processing of the record of trial (record or ROT) took place according to the following chronology. This chronology is taken from the trial transcript, the memorandum dated 25 February 2011 forwarding the record to Coast Guard Headquarters (CGHQ)[1], and the ancillary documents attached to the record.

| Date | Action | Days elapsed |
|---|---|---|
| 01 OCT 10 | Sentence adjudged | 0 |
| 08 DEC 10 | ROT received by trial counsel (TC) from transcriptionist | 68 |
| 17 DEC 10 | ROT review completed by TC | 77 |
| 30 DEC 10 | ROT sent to military judge | 90 |
| 19 JAN 11 | ROT authenticated by military judge | 110 |
| 20 JAN 11 | Staff Judge Advocate's Recommendation (SJAR) | 111 |
| 24 JAN 11 | SJAR sent to defense counsel | 115 |
| 16 FEB 11 | Authenticated ROT received by TC | 138 |
| 22 FEB 11 | Convening Authority action | 144 |
| 25 FEB 11 | Memorandum forwarding ROT to CGHQ | 147 |

The record was referred to this Court on 27 April 2011, sixty-four days after the Convening Authority action.

Notable periods of post-trial processing are sixty-eight days taken to transcribe the 103-page trial record, twenty-eight days for the authenticated record to go from the military judge to trial counsel, and sixty-one days for the record to travel to CGHQ and be referred to this Court. The memorandum forwarding the record points out that part of the delay is attributable to the sixty-

---

[1] The Coast Guard Military Justice Manual requires an accounting for post-trial delay where more than 120 days elapsed between the date sentence was adjudged and the date of Convening Authority action. Paragraph 5.F.4 of COMDTINST M5810.1D dated 17 August 2000. (This provision is unchanged in the 2011 Military Justice Manual.)

eight-day "delay" in receiving the transcription from the transcriber, but otherwise gives no explanation for any delay.[2]

### Government Motion to Attach

As part of its Answer and Brief, the Government moved to attach Appendix A, which consists of two pages apparently from the Coast Guard's "Direct Access" personnel database, described in the brief as "documenting Appellant's administrative discharge from the Coast Guard and the effective date of same;" and Appendix B, described as "Coast Guard Chief Trial Judge Outlook Calendar for January and February 2011."

We decline to grant the motion to attach Appendix A, a document presented without authentication or other foundation such as would be expected before admitting it as evidence at trial. Appendix A would not make any difference to our decision. We decline to grant the motion to attach Appendix B because it appears irrelevant to this case, in which the Chief Trial Judge was not involved. The motion to attach is denied.

### Discussion

Appellant requests us to consider the delays in action by the Convening Authority and in docketing the case with this Court as we consider how much of Appellant's sentence to approve. Specifically, she requests us to set aside the conviction and dismiss the charges.[3]

The Court of Appeals for the Armed Forces (CAAF) applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The "*Barker* four-factor analysis" comprises consideration of the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

---

[2] This information is provided in a corrected copy of the memorandum dated 5 July 2011.
[3] Appellant does not address whether the requested relief could be granted consistent with *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010).

Appellant does not claim a due process violation, but invokes *Moreno* in support of her claim that the delays in this case are unreasonable. Indeed, the delays in this case are sufficient to raise the presumption under *Moreno*. Accordingly, we will carry out the *Barker* four-factor analysis.

The Convening Authority's action was delayed twenty-four days beyond the 120-day period prescribed by *Moreno*. The Government acknowledges the longest segment of time preceding Convening Authority action, sixty-eight days for transcription of 103 pages. Better performance on this segment would have obviated the issue. Still, the overall delay of twenty-four days beyond the 120-day standard is only twenty percent of the standard. We conclude that as to the period before the Convening Authority's action, the first and second *Barker* factors, length and reasons for delay, weigh against the Government, but not strongly.

Referral to this Court was delayed thirty-four days beyond the thirty-day period prescribed by *Moreno*. The Government, in its brief, asserts that the record in this case was received on 1 March 2011, and that at the same time, five other cases awaited examination prior to referral under Article 66, UCMJ, "as well as five additional cases evaluated for Article 69, UCMJ review, and four cases prepared for final clemency." (Answer and Brief at 7.) Even if we considered these unsupported assertions,[4] they are very far from establishing that the workload was out of the ordinary so as to provide good reason for any resulting delay. *See Moreno*, 63 M.J. at 137 ("The Government must provide adequate staffing . . . to fulfill its responsibility under the UCMJ . . . .").

At the same time, while the period between the Convening Authority's action and commencement of appellate review was more than twice the *Moreno*-prescribed period, it is still relatively insignificant. As to this period, the first and second *Barker* factors weigh against the Government, but not strongly.

---

[4] We could take judicial notice that the five other cases on our Article 66 docket that were referred between 2 March 2011 and 27April 2011 (when this case was referred) bear Convening Authority action dates between 5 and 21 January 2011 (compared with 22 February 2011, the date of Convening Authority action in this case). There is no obvious basis available to support the other workload assertions.

Appellant did not assert the right to timely review before the Convening Authority. The third *Barker* factor does not weigh against the Government.

As to the fourth *Barker* factor, Appellant does not claim any prejudice. This factor does not weigh against the Government.

Although "no single factor [is] required to find that post-trial delay constitutes a due process violation," *Moreno*, 63 M.J. at 136, in the absence of prejudice the other factors must be very weighty against the Government to warrant a due process violation finding, the delay being "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 361-62 (C.A.A.F. 2006). The convening authority's action in *Toohey* took place 644 days after the date of sentence, and the Court of Criminal Appeals issued its decision 2,240 days (more than six years) after the date of sentence. *Id.* at 357. By contrast, the delay in our case is far from egregious. In the absence of prejudice, we find no due process violation.

We turn now to Appellant's argument that we should grant sentence relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), which held that we may grant relief for excessive post-trial delay without a showing of prejudice. *Id.* at 224. Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.* We have granted such relief in several cases, most recently in *United States v. Kowalski*, 69 M.J. 705 (C.G.Ct.Crim.App. 2010) and *United States v. Medina*, 69 M.J. 637 (C.G.Ct.Crim.App. 2010), and before that in *United States v. Greene*, 64 M.J. 625 (C.G.Ct.Crim.App. 2007) and other cases.[5]

A period of sixty-eight days for transcription of 102 pages surely bespeaks a lack of institutional diligence. *See United States v. Holbrook*, 64 M.J. 553, 557 (C.G.Ct.Crim.App. 2007). Likewise, a period of sixty-four days (fifty-eight days net of transmittal time, according to the Government's statement that the record was received at Headquarters on 1 March 2011) to refer the case to this Court raises the probability of a lack of institutional diligence. This is not excused even

---

[5] Appellant's motion to attach the unpublished case of *United States v. Beaber*, No. 1319 (C.G.Ct.Crim.App. 15 April 2010), is granted.

if it is a matter of honest mistakes, administrative problems or chronic understaffing. *See Greene*, 64 M.J. at 628.

We find the delays unreasonable. The total delay in the Convening Authority's action, twenty-four days beyond the *Moreno* 120-day standard, is minimally unreasonable, perhaps not warranting relief by itself. However, the delay in referral to this court, thirty-four days beyond the thirty-day *Moreno* standard, warrants some relief. We will consider the delays when conducting our sentence appropriateness review under Article 66, UCMJ.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, only so much of the sentence as provides for a bad-conduct discharge (suspended below) and reduction to E-4 is affirmed.



For the Court,


Andrew R. Alder
Deputy Clerk of the Court