# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Justin P. DeMELLO
### Damage Controlman Third Class (E-4), U.S. Coast Guard

### CGCMS4893
### Docket No. 1379

### 20 October 2014

Special Court-Martial convened by Commander, Coast Guard Sector San Juan. Tried at San Juan, Puerto Rico, on 04 June 2012.

| | |
|---|---|
| Military Judge: | LCDR Eric D. Masson, USCG |
| Trial Counsel: | LCDR Chad E. Kauffman, USCG |
| Military Defense Counsel: | LT Brandon H. Sargent, JAGC, USN |
| Appellate Defense Counsel: | CDR Ted R. Fowles, USCG |
| Appellate Government Counsel: | CDR Michael S. Cavallaro, USCG |

### BEFORE
### McCLELLAND, DUIGNAN & NORRIS
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of four specifications of wrongful appropriation and three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ); one specification of violating a lawful general order, in violation of Article 92, UCMJ; and one specification of housebreaking, in violation of Article 130, UCMJ. The military judge sentenced Appellant to reduction to E-1, confinement for four months, and a bad-conduct discharge. He granted confinement credit of twenty-nine days against the sentence. The Convening Authority approved the sentence, and suspended the bad-conduct discharge and confinement in excess of forty-five days, in accordance with the pretrial agreement.

Appellant asks this Court to consider the unreasonable and unexplained post-trial delay in determining the sentence that should be approved under Article 66(c).

**Post-trial Delay**

Processing of the record of trial (record or ROT) took place according to the following chronology. This chronology is taken from the memorandum dated 21 February 2013 from the SJA's office to Coast Guard Headquarters (CGHQ),[1] corroborated in certain particulars by the record of trial and the ancillary documents attached to the record.

| Date | Action | Days elapsed |
|------|--------|--------------|
| 04 JUN 12 | Sentence adjudged | 0 |
| 18 JUN 12 | ROT received by trial counsel (TC) from transcriptionist | 14 |
| 02 JUL 12 | ROT review completed by TC | 28 |
| 06 JUL 12 | Defense Counsel (DC) responded with no objection to ROT | 32 |
| 06 AUG 12 | ROT delivered to military judge | 63 |
| 17 AUG 12 | ROT authenticated by military judge and received by TC | 74 |
| 19 SEP 12 | Authenticated transcript served on Appellant | 107 |
| 12 OCT 12 | ROT received by Staff Judge Advocate (SJA) from TC | 130 |
| 23 OCT 12 | Staff Judge Advocate's Recommendation (SJAR) | 141 |
| 06 NOV 12 | TC received DC comment on SJAR | 155 |
| 15 NOV 12 | SJAR Addendum | 164 |
| 16 NOV 12 | Convening Authority action | 165 |
| 25 JAN 13 | ROT sent to CGHQ | 235 |

The record was referred to this Court on 9 April 2013, 144 days after the Convening Authority action.

Notable periods of post-trial processing are thirty-one days between defense counsel's response on the unauthenticated ROT and TC's transmission of the ROT to the military judge, fifty-six days for the authenticated record to go from trial counsel to the SJA, seventy days from

---

[1] The Coast Guard Military Justice Manual requires an accounting for post-trial delay where more than 120 days elapsed between the date sentence was adjudged and the date of Convening Authority action. Paragraph 5.F.4 of COMDTINST M5810.1E dated 13 April 2011.

Convening Authority action before the record was sent to CGHQ, and seventy-four days for the record to travel to CGHQ and be referred to this Court.[2]

The SJAR identifies periods of delay attributable to geographic diversity of trial participants, two of them small, adding up to thirty-eight days of "justifiable delay." The thirty-eight days consist of four days for response to the ROT from defense counsel prior to authentication, eight days of leave taken by the military judge before authentication, and twenty-six days to serve the authenticated record on Appellant and counsel. Commencement of preparation of the SJAR does not depend upon completion of service of the record, so the latter twenty-six day period does not go to explain delay in the Convening Authority's action.

It is well established that post-trial delay can be the basis for relief. The Court of Appeals for the Armed Forces (CAAF) applies "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The "*Barker* four-factor analysis" comprises consideration of the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Further, in *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), CAAF held that we may grant relief for excessive post-trial delay without a showing of prejudice. *Id.* at 224. Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Id.*

Appellant invokes both *Moreno* and *Tardif* in requesting that we "grant meaningful relief by setting aside the sentence and dismissing the charges with prejudice." We will first carry out the *Barker* four-factor analysis.

---

[2] Sixteen days of the latter period are attributable to CGHQ's request for and the SJA's office provision of the accounting for post-trial delay, which should have been provided when the record was sent to CGHQ.

The Convening Authority's action was delayed forty-five days beyond the 120-day period prescribed by *Moreno*. No reasonable explanation is provided for this delay. We conclude that as to the period before the Convening Authority's action, the first and second *Barker* factors, length and reasons for delay, weigh against the Government.

Referral to this Court was delayed 114 days beyond the thirty-day period prescribed by *Moreno*. This is almost four times the *Moreno*-prescribed period. However, this period is relatively unimportant; its significance lies in whatever consequent delay it may cause to appellate review. *Moreno* prescribes a period of no more than eighteen months between docketing at and decision of the court of criminal appeals. *Moreno*, 63 M.J. at 142. In that context, the 114-day delay beyond the *Moreno* period for docketing pales considerably. As to the period between the Convening Authority action and appellate docketing, the first and second *Barker* factors weigh against the Government, but not strongly.

Appellant asserted the right to timely review before the Convening Authority. The third *Barker* factor weighs against the Government.

As to the fourth *Barker* factor, *Moreno* identified three sub-factors: oppressive incarceration pending appeal, anxiety and concern, and impairment of ability to present a defense at a rehearing. *Moreno*, 63 M.J. at 139-40. Both the first and third sub-factors depend upon a successful appeal on other issues, which is not present in Appellant's case. Concerning anxiety and concern, to be cognizable, it must be "particularized anxiety and concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. Although Appellant asserts some particularized anxiety and concern, in our view, the particulars are not cognizable. This factor does not weigh against the Government.

Although "no single factor [is] required to find that post-trial delay constitutes a due process violation," *Moreno*, 63 M.J. at 136, in the absence of prejudice the other factors must be very weighty against the Government to warrant a due process violation finding, the delay being "so egregious that tolerating it would adversely affect the public's perception of the fairness and

integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 361-62 (C.A.A.F. 2006). The convening authority's action in *Toohey* took place 644 days after the date of sentence, and the Court of Criminal Appeals issued its decision 2,240 days (more than six years) after the date of sentence. *Id.* at 357. By contrast, the delays in our case are far from egregious. In the absence of prejudice, we find no due process violation.

We turn now to whether we should grant *Tardif* relief. As previously noted, this Court may consider unreasonable and unexplained post-trial delay, along with all the other facts and circumstances, in exercising its responsibilities under Article 66(c), UCMJ. *Tardif*, 57 M.J. at 224.

Periods of fifty-six days for the authenticated record to go from trial counsel to the SJA, seventy days after Convening Authority action before the record was sent to CGHQ, and seventy-four days for the record to travel to CGHQ and be referred to this Court surely bespeak a lack of institutional diligence. *See United States v. Holbrook*, 64 M.J. 553, 557 (C.G.Ct.Crim.App. 2007). This is not excused even if it is a matter of honest mistakes, administrative problems or chronic understaffing. *See United States v. Greene*, 64 M.J. 625, 628 (C.G.Ct.Crim.App. 2007).

We find the delays unreasonable, warranting some relief. We will consider the delays when conducting our sentence appropriateness review under Article 66, UCMJ.

### Promulgating Order

We note that the promulgating order, dated 16 November 2012, erroneously states that Appellant was found guilty of unlawful entry, in violation of Article 134, UCMJ. In fact, Appellant was found not guilty of that charge (Charge V) and specification. We find no material prejudice from the error at this time. However, the promulgating order must be corrected.[3]

---

[3] The promulgating order also omits three specifications under Article 121 and another charge and specification on which pleas of not guilty were entered and that were withdrawn and dismissed pursuant to the pretrial agreement; the charges and specifications listed in the promulgating order were re-numbered accordingly. The promulgating order is intended to set forth all the charges and specifications on which an accused was arraigned. R.C.M. 1114(c)(1). However, this error clearly does not prejudice Appellant; it need not be corrected.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, only so much of the sentence as provides for a bad-conduct discharge (suspended below), confinement for forty-five days, and reduction to E-2 is affirmed. A new promulgating order shall be issued accurately reflecting the charges and specifications of which Appellant was found guilty.

Judges DUIGNAN and NORRIS concur.

For the Court,



Sarah P. Valdes
Clerk of the Court